KING vs. POOLE.

61  373
105  347

1. In running down an alleged fraud between husband and wife, the husband's insolvency at the time of his death, some four years after making a voluntary conveyance to the wife, is not irrelevant.

2. The evidence is not absolutely insufficient to warrant the verdict.

Husband and wife. Fraud. Evidence. New trial. Before Judge WRIGHT. Decatur Superior Court. November Term, 1877.

Two executions in favor of Ephraim H. Poole against Thomas F. Hampton, as administrator of Columbus C. King, were levied upon a house and lot in the city of Bainbridge, as the property of the defendant. A claim was interposed by Mary A. King, the widow of the intestate. She derived title from her husband under deed made to John C. Rutherford as her trustee, on December 27, 1867, the consideration expressed being love and affection. The judgments on which the executions were based were rendered after the date of such deed, but the debts which they represented were contracted before. The sole question for trial was, whether conveyance was void as to creditors, either as intentionally fraudulent or because made when the intestate was insolvent. Upon solvency or insolvency at the date of the deed, the evidence was voluminous and conflicting, but preponderating, perhaps, in favor of solvency. The intestate died on November 15th, 1871. Evidence was admitted, over the objection of claimant, showing insolvency at the time of his death.

The jury found the property subject. The claimant moved for a new trial because the verdict was contrary to evidence and to law, and because the court admitted testimony showing insolvency of intestate at time of death. The motion was overruled and claimant excepted.

FLEMING & RUSSELL, for plaintiff in error, cited 53 *Ga.*, 155; 25 *Ib.*, 684; 17 *Ib.*, 217; 30 *Ib.*, 491; Story's Eq. Jur., 363; 8 Wheat., 229; 11 *Ib.*, 199; Code, §1952.

JOHN E. DONALDSON, by brief, for defendant, cited Bump on Fraud. Con., 293; 1 Smith's L. Cases, 46; 47 *Ga.*, 90; 32 *Ib.*, 372, 575; 30 *Ib.*, 823.   Code, §§ 3763, 3753.

BLECKLEY, Justice.

1. A voluntary conveyance by a debtor, made with an actual intention to delay or defraud creditors, where such intention is known to the party taking, is void, whether the debtor be solvent or not.   If made without an actual intention to delay or defraud, it is equally void, provided the debtor be at the time insolvent.   In either case, the law adjudges the conveyance void, not as between the parties, but as against creditors.   Code, §1952.   The fact that a debtor who made, in 1867, a voluntary conveyance to his wife, or to a trustee for her benefit, was insolvent in 1871, and in that year died insolvent, is a circumstance which, connected with other circumstances in evidence, may tend to establish a fraudulent intent on his part in making the conveyance.   It might not be sufficient to convince the jury, but that does not hinder it from being relevant.   In investigating an alleged fraud, the relevancy of a given fact does not depend upon its force, but upon its bearing.   Does it bear, either directly or indirectly, with any weight whatever, on the main controversy or any material part of it? Not only is fraud subtle, but that ingredient of a transaction which renders it fraudulent in fact, namely intention, is covered up in the breast, hidden away in the heart.   Outward manifestations of it may be slow in appearing, and when they do appear, may be dim and indistinct.   To interpret their meaning, or the full meaning of any one of them, it may be necessary to bring them together and contemplate them all in one view.   To do this, one has to be picked up here, another there, and so on till the collection is complete.   In the present case, suppose the debtor never had become insolvent, but that he had died leaving abundant property to pay all his debts, and that the ultimate insolvency of his estate was the result of calam-

ity, or of waste by an executor or administrator, would not this be pertinent in favor of the *bona fides* of his intention? Surely his continued solvency from the date of his deed down to the period of his death would be evidence in behalf of the claimant; and if it would, had the fact been that way, why should not his failure to continue solvent be some evidence weighing more or less against her? True, a change from solvency to insolvency might admit of easy explanation, and when explained might be utterly neutralized; still, if a man in debt makes a voluntary deed to his wife, and within some four years turns out to be insolvent, leaving his old debts unpaid, and never restores his solvency, should not his insolvency be accounted for in order to rob it of all force as a circumstance tending to impeach his purpose in making the deed? We think it should; and so to hold is to pronounce it admissible evidence, though we have no thought of pronouncing it sufficient evidence, that being for the jury in each particular case. Let it be observed also, that we are duly aware that in treating insolvency as casting light back on pre-exising intention, we leave notice of that intention out of the discussion; but this we do because, although notice might be necessary, the proof of it need not be drawn from the same facts which go to establish the intention itself. Where fraudulent intention by one party, and notice of the intention by the other are both in question, evidence which is relevant as to the one point is admissible, though it may throw light on that one point only, and none whatever on the other. Thus far, we have proceeded on the assumption that the debtor was solvent when he made the conveyance, and that the fact of insolvency occurred afterwards, regarding the debtor as possibly contemplating his future insolvency, and as possibly having an actual intention to delay or defraud his creditors by means of the voluntary conveyance made to his wife or for her benefit. But under the evidence it is not absolutely certain that he was solvent at the time of making the conveyance, and if he was then insolvent it is

immaterial with what intention he acted. He was in debt when he made the deed; he remained in debt, and died insolvent some four years afterwards. Suppose he had no actual intention to delay or defraud his creditors, still, he never paid them, and he left the world in a condition of inability to pay. Do not these facts, unexplained, cast some light on what his true pecuniary condition was when he gave a part of his property to his wife? If they do, then his insolvency at the time of his death was admissible evidence, with the other facts of the case, to illustrate the probable measure of his resources at the time he provided for his wife, at the expense, as the event proved, of his then existing creditors. It may be slight evidence; we are not considering its weight, but only its admissibility.

2. The sufficiency of the evidence in the record, taken as a whole, to justify the finding of the jury, in either of the two aspects of the case, has been the only real embarrassment with which we have had to struggle in arriving at a judgment of affirmance. In all cases of this class much of the work of the jury is in drawing inferences from the various slight facts and circumstances presented to them, and for such work a jury of the vicinage has an aptitude which a reviewing court cannot be expected to possess. Not only are we entitled to defer to the conclusion of the jury on disputable matters of fact, but we are bound to do it, unless there is some palpable flaw in the reasoning. In the present case we are unable to pronounce the evidence absolutely insufficient to warrant the verdict, and whatever doubts we have are yielded.

Judgment affirmed.