## HAMILTON v. THE STATE.

EVANS, P. J. 1. Two warrants were sworn out by the father of the female upon whom a rape was alleged to have been committed; the first was for a misdemeanor and the last for the crime of rape. The magistrate who issued the warrants was allowed to testify that the father made certain statements when the warrants were issued, as explaining his course of conduct. The statements were inadmissible; but in view of the evidence and the defendant's statement, we do not think the hearsay testimony prejudiced the defendant or required the grant of a new trial.

2. An instruction that "in a prosecution for this offense [rape] the fact of the girl's having made complaint, if proven, soon after the alleged assault took place, is evidence; but the details or particulars of her complaint can not be gone into or considered by the jury," is not cause for a new trial on the ground that it emphasizes the testimony of the female alleged to have been raped, and amounts to an instruction that if she made complaint it is conclusive evidence of that fact.

3. An instruction that "the defendant in this case should not be convicted upon the testimony of [the female alleged to have been raped] alone, however positive it may be, unless the same is corroborated by some concurrent circumstances," is not cause for new trial on the ground that it amounted to an instruction that the defendant should be convicted if the witness's testimony was corroborated by concurrent circumstances, and excluded from the jury a consideration of her credibility as affected by other facts in evidence, which might not be concurrent circumstances.

4. The court instructed the jury as follows: "There are three ways of impeaching a witness: one is by disproving the facts testified to by him; another is by proof of contradictory statements previously made by him of matters relevant to his testimony and to the case; another is by proof of general bad character. Where a witness has been successfully

impeached by any mode known to the law, it is the duty of the jury to disregard his entire testimony, if his unworthiness of credit is absolutely established in the minds of the jury, unless it is corroborated,—it being always a matter for the jury to determine whether a witness has been in fact so impeached." Under the facts of this case, this charge is not cause for new trial. *Powell* v. *State,* 101 *Ga.* 9 (5), 19 (29 S. E. 309, 65 Am. St. R. 277).

5. The following charge was not erroneous: "The credibility of witnesses and the weight to be given their testimony is a matter exclusively for the jury. When witnesses appear and testify in a court of justice, they are presumed to speak the truth, and are to be believed by the jury, unless impeached in some mode known to the law, or otherwise discredited in the judgment of the jury." *Cornwall* v. *State,* 91 *Ga.* 277 (5), 278 (18 S. E. 154).

6. It was not error for the court to instruct the jury that the punishment of the crime of rape, where the jury recommends mercy, is that provided for assault with intent to rape, which is from one to twenty years at hard labor in the penitentiary.

7. The charges complained of, when considered in connection with their context, are not open to the criticisms made against them; the various rulings complained of are without substantial error; the verdict is supported by the evidence, and the court did not abuse his discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

MARCH 9, 1915.

Indictment for rape. Before Judge Brand. Jackson superior court. December 15, 1914.

*G. A. Johns* and *T. J. Shackelford,* for plaintiff in error.

*Warren Grice, attorney-general, John B. Gamble, solicitor-general, W. H. Quarterman, J. A. B. Mahaffey,* and *A. L. Henson,* contra.