### 14513. McDANIEL v. THE STATE.

BROYLES, C. J. 1. In a charge upon the impeachment of witnesses it is not error for the court to instruct the jury that " a witness is impeached only when his unworthiness of credit is *absolutely* established in the minds of the jury " (italics ours). *Elliott* v. *State,* 138 *Ga.* 23 (2) (74 S. E. 691); *Hamilton* v. *State,* 143 *Ga.* 265 (4) (84 S. E. 583).

2. It follows from the foregoing ruling that the court in the instant case did not err in charging the jury as follows: " If a witness has been impeached, and you are satisfied of that fact to a moral and reasonable certainty and beyond a reasonable doubt, then he ought not to be believed, and whether or not a witness has been impeached is solely a question for the jury to determine from the facts and circumstances of the case."

(a) Nor, under the facts of the case, was it error, harmful to the defendant, for the court to charge the jury that if they were satisfied that a witness had been impeached, " he ought not to be believed," the defendant contending that the jury should have been instructed that if they were satisfied a witness had been impeached, they " should disregard his testimony altogether, unless it is corroborated." The instruction given the jury amounted in substance to a charge (and must have been so understood by them) that if they were satisfied that a witness had been impeached, they should disregard his testimony altogether. The failure of the court to add, " unless it is corroborated," was not error harmful to the defendant, since the only witness sought to be impeached was a witness introduced by the State, and a witness whose testimony was most damaging to the defendant.

3. The conviction of the defendant not depending entirely upon circumstantial evidence, the court did not err in failing to instruct the jury upon the law of circumstantial evidence, no written request therefor having been presented.

4. There is no substantial merit in the remaining special grounds of the motion for a new trial.

5. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED JUNE 12, 1923.

Accusation of possessing liquor; from city court of Dublin — Judge Sturgis. March 31, 1923

*W. A. Dampier,* for plaintiff in error.

*William Brunson, solicitor,* contra.