ARRINGTON *v.* AWBREY.

No. 13245.   April 11, 1940.

*Wyatt & Morgan,* for plaintiff in error.

*J. L. Smith* and *Frank L. Gearreld,* contra.

DUCKWORTH, Justice. █ The first four grounds of the amendment to the motion for a new trial complain of the court's ruling upon the admissibility of evidence, but do not state the name of the witness whose testimony was admitted. This court has ruled more than once that grounds of a motion for a new trial complaining of the admission or rejection of evidence should show, in order to be complete, the name of the witness whose testimony was admitted or rejected. *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192) ; *Hunter* v. *State,* 148 *Ga.* 566 (97 S. E. 523) ; *Plemmons* v. *Sharp,* 156 *Ga.* 571 (3) (119 S. E. 532) ; *Williams* v. *State,* 186 *Ga.* 251 (4) (197 S. E. 838). These grounds being incomplete, they can not be considered by this court.

█ Grounds 5 and 6 assign error on the admission in evidence of the three notes signed by the defendant in fi. fa., and payable to the plaintiff in 1929 and 1930, and the notice of attorney's fees, dated August 15, 1936, signed by Frank Gearreld, the attorney for the plaintiff in fi. fa., addressed to the defendant in fi. fa. The ground of objection was that the documents were hearsay. On the material issue of fraud, these notes were circumstances indicating

a motive or reason on the part of the defendant for making the conveyance to the claimant, his wife, on July 1, 1936. While it is true that she testified that she had no knowledge of either, she admitted that she knew her husband did a credit business with the plaintiff; and it was for the jury to say whether she had made the proof of good faith required of her by the Code, § 53-505, by simply denying knowledge of such business affairs of her husband. See *Simmons* v. *Realty Investment Co.*, 160 *Ga.* 99 (127 S. E. 279), where notes of the defendant payable to plaintiff, and dated before the deed under attack, were admitted as evidence. Whether or not the notice for attorney's fees was subject to the objection, it does not appear that its introduction in evidence could have been harmful to the claimant. Her deed was dated July 1, 1936, while this letter was dated August 15, 1936. It thus appeared that she received her deed a month and a half before her husband received formal notice that suit would be instituted. The record does not disclose that the date of the deed was questioned; and it would seem that this letter was favorable, and not harmful, to the claimant. Such an error is not cause for a new trial. See *South Georgia Railway Co.* v. *Niles*, 131 *Ga.* 599 (3) (62 S. E. 1042); *Hamilton* v. *State*, 143 *Ga.* 265 (84 S. E. 583). These exceptions are without merit.

■ Ground 7 complains of an excerpt of the charge which, in substance, instructed the jury that the plaintiff contended that the transaction between the claimant and the defendant was fraudulent and void, and that the claimant, on the other hand, said that if there was any effort on the part of the defendant to hinder, delay, or defeat creditors, she had no notice of such intention, and that she acted in good faith and gave valuable consideration for the property conveyed; the objection being that there was no evidence to authorize the charge that the claimant was without notice of any intention of the defendant to hinder, delay, or defeat creditors. It would be difficult to state the contention of claimant more favorably than was done in this charge. She did testify that she had no notice; and the charge was authorized by the evidence, was not harmful to movant, and the exception is without merit.

■ The general grounds raise the question of the sufficiency of the evidence to support the verdict. "When a transaction between husband and wife shall be attacked for fraud by the creditors of

either, the onus shall be on the husband and wife to show that the transaction was fair." Code, § 53-505. In this case no pleadings by plaintiff in fi. fa. making such attack is necessary. *Askew* v. *Amos,* 147 *Ga.* 613 (95 S. E. 5) ; *Harris* v. *Anderson,* 149 *Ga.* 168 (2) (99 S. E. 530) ; *Fouts* v. *Gardner,* 157 *Ga.* 362 (121 S. E. 330) ; *Simmons* v. *Realty Investment Co.,* 160 *Ga.* 99 (127 S. E. 279) ; *Tippins* v. *Lane,* 184 *Ga.* 331 (4) (191 S. E. 134). The burden does not rest upon the plaintiff to establish fraud by proof, but instead the burden is upon the claimant to prove the absence of fraud. *Gill* v. *Willingham,* 156 *Ga.* 728 (9) (120 S. E. 108) ; *Simmons* v. *Realty Investment Co.,* supra. While the claimant gave testimony to the effect that over a period of nearly twenty years she annually had a bale of cotton which she loaned to her husband, no express consent of her husband that she have the benefit of her earnings is testified to ; and while her testimony that her husband borrowed the money would indicate an implied consent, the fact that he paid all expenses, sold the cotton in his own name, and never delivered any of the money to her is a circumstance tending to disprove an implied consent on his part ; and thus it was for the jury to determine whether or not his consent was given. In order to entitle the claimant to such earnings of hers, she must have had the consent of her husband, either express or implied. *Roberts* v. *Haines,* 112 *Ga.* 842 (38 S. E. 109) ; *Georgia Railroad & Banking Co.* v. *Tice,* 124 *Ga.* 459 (5) (52 S. E. 916, 4 Ann. Cas. 200) ; *Cotter* v. *Gazaway,* 141 *Ga.* 534 (81 S. E. 879) ; *Mock* v. *Neffler,* 148 *Ga.* 25 (3) (95 S. E. 673).

We are here dealing with transactions between husband and wife. The confidential and private relationship of such parties affords opportunity for the concealment of fraudulent intentions and transactions. When the court is called upon to determine whether or not fraud exists, every circumstance that is illuminating on this question is a proper matter for the consideration of the jury. The Code, § 37-706, declares that "fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." The law recognizes that in every case slight circumstances must be considered, and may be sufficient to establish the existence of fraud; and recognizing that in transactions between husband and wife fraud might be so completely concealed that creditors could not expose it, and in

order that the public might not suffer from such concealment, the law imposes upon the husband and wife the duty of affirmatively establishing their good faith when creditors attack such transactions for fraud. Giving effect to the letter and spirit of the law touching this important question, the claimant in this case is charged with the legal duty of presenting to the jury a clear and satisfactory showing of good faith. While it is true, as contended by the claimant, that she gave testimony to the effect that she paid a valuable consideration, in the form of past-due indebtedness, for the property claimed, yet the weight of this testimony must be measured by the other circumstances bearing upon the same question. She made no attempt to explain why it was found necessary that she loan her husband one bale of cotton each successive year over such a long period. She rested her case upon the bare assertion that she loaned it to him because he was in a "tight." Her explanation of how she and her husband handled all of the cotton transactions was: "He just went to town and sold it in his name. It was my cotton. He never brought the money back to me. He never gave me any money. He used the money himself. He told me he wanted to borrow it when he came back." It is singular that each year a husband, whose finances were such that he found it necessary to borrow the entire income of his wife from her crop, should just as frequently take from his own inadequate finances money to purchase seed and fertilizer with which to make his wife's cotton and pay for the ginning, bagging, and ties for that cotton, without so much as even mentioning these expenditures to her. The fact that a neighbor who had known her for all of her life talked with her frequently, and lived within a quarter of a mile of her for ten years, had never learned from her or her husband that she had a cotton patch and produced cotton for sale, and the fact that the husband bore all expenses in producing, ginning, and selling the cotton, sold it as his own, and retained the money, would authorize the conclusion that he never consented for her to have the cotton or its proceeds. It appeared from her testimony that she had loaned money to her husband for a period of nearly twenty years without taking any written evidence of the indebtedness; and the jury might consider it more than a mere coincidence that she should obtain a conveyance of the land here involved, as well as other property of the husband, in settlement of the indebtedness, almost simultane-

ously with the institution of the suit against the husband which resulted in the judgment which is the basis of the present levy. The husband was not introduced as a witness, and the failure to do so was not explained. If his testimony would have supported that of the claimant, why. was he not introduced as a witness? These circumstances were sufficient to authorize the jury to find that she had not carried the burden of proving good faith. Accordingly the verdict declaring the property subject was supported by the evidence.    *Judgment affirmed.    All the Justices concur.*