## JOHNSON v. THE STATE.

GRICE, Justice. 1. Counsel for the accused on trial made an objection to portions of a witness's testimony, and in reply to the objection the State's counsel, addressing the court, said, "Your honor, I insist upon it. I am willing to go up on it, your honor;" and thereupon counsel for the accused moved for a mistrial in view of the statement of the solicitor-general, which was alleged to be prejudicial and inflammatory. The court said to the jury: "The statement made in your presence a moment ago when some discussion of the admissibility of testimony was before the court, by the solicitor, to the effect that 'he was willing to go up on that,' was an improper statement by the solicitor and should not have been made. It is stricken from the case and ruled out, and you are instructed to give it no weight, and completely disregard it. Try the case fairly and impartially between the State and the accused. You may resume." A ground of a motion for new trial, urging that the statement of the solicitor prejudiced the defendant's case and denied the accused a fair and impartial trial, that the statement by the court to the jury failed to remove its effect, and that this inflammatory remark of the solicitor-general entered into and controlled the verdict, and that for this reason a new trial should be awarded, is without merit. *Nelson* v. *State,* 187 *Ga.* 576 (1 S. E. 2d, 641); *Wells* v. *State,* 194 *Ga.* 70 (20 S. E. 2d, 580).

2. In a rape case, a charge that "There must be some corroboration of the woman's testimony. The defendant in this case should not be convicted upon the testimony of [the accuser] alone, however positive it may be, unless the same is corroborated by some concurrent circumstances," is not erroneous by the inclusion of the clause "however positive it may be." Compare *Hamilton* v. *State,* 143 *Ga.* 265 (84 S. E. 583).

3. The evidence supported the verdict; and the same having received the approval of the trial judge, and nothing being shown in the motion (the only two special grounds of which are dealt with above) to justify a new trial, the *Judgment is affirmed. All the Justice concur.*

No. 14590. JULY 8, 1943.

*Russell G. Turner* and *Noah J. Stone,* for plaintiff in error.

*T. Grady Head, attorney-general, John A. Boykin, solicitor-general, Durwood T. Pye, Quincy O. Arnold,* and *Victor Davidson, assistant attorney-general,* contra.