18395. Griffin *et al. v.* Welch, *alias* Griffin.

Worrill, Justice. 1. Where, as here, the petitioners allege that their husband and father fraudulently obtained a divorce in Tennessee from the principal petitioner on March 18, 1937, and that he married the defendant on December 12, 1944, the act of the trial court in permitting one of the petitioners while a witness on cross-examination to testify, over objection of the petitioners, that she had heard that her father got a divorce in Tennessee in 1937, and later married the defendant, was *not,* although the evidence was hearsay, such harmful error as would require a reversal. Code § 38-301; *South Georgia Ry. Co.* v. *Niles,* 131 *Ga.* 599 (3) (62 S. E. 1042); *Hamilton* v. *State,* 143 *Ga.* 265 (1) (84 S. E. 583); *Arrington* v. *Awbrey,* 190 *Ga.* 193 (2) (8 S. E. 2d 648).

2. "Where there is more than one marriage, the law presumes the last marriage to be valid; and the burden is upon the one attacking it to overcome this presumption by proving its invalidity." *Longstreet* v. *Longstreet,* 205 *Ga.* 255 (1) (53 S. E. 2d 480), and cases cited.

3. The evidence, though conflicting on the question of whether the divorce in Tennessee was fraudulently obtained, was sufficient to support the verdict of the jury finding in favor of the defendant.

*Judgment affirmed.  All the Justices concur, except Duckworth, C. J.,*
*not participating.*

ARGUED NOVEMBER 9, 1953—DECIDED JANUARY 11, 1954.

*W. George Thomas, Essley B. Burdine,* for plaintiffs in error.
*William Butt, Herman J. Spence, A. J. Martin,* contra.

Mary M. Griffin and others filed in Fannin Superior Court, against Ollie Welch Griffin, a petition, which alleged substantially the following:  The principal petitioner, Mary M. Griffin, is the widow, and the other petitioners are children of herself and Dotry Griffin.  On January 26, 1905, Mary M. Griffin and Dotry Griffin were married in Fannin County, Georgia.  On March 18, 1937, Dotry Griffin obtained a purported divorce from Mary M. Griffin in Polk County, Tennessee.  The divorce was obtained by fraud and is void for the reason that Dotry Griffin was not a resident of Tennessee, nor had he been a resident therein for a period of two years prior to the filing of the suit, as required by Tennessee law.  Dotry Griffin and the defendant in the present case were married on December 12, 1944, in Fannin County, Georgia.  Mary M. Griffin was not served by publication or otherwise, and had no knowledge that Dotry Griffin had obtained a divorce from her in Tennessee until after his death on September 21, 1951.  The present defendant made an application for a year's support out of his estate, alleging that she was his lawful widow.  The court of ordinary set aside the property of Dotry Griffin to the defendant as a year's support.  The defendant, in having a year's support set aside to her, did so fraudulently, as she knew that Dotry Griffin had never been legally divorced from Mary M. Griffin.  The petitioners are without an adequate remedy at law and will suffer irreparable injury unless the court restrains the defendant from disposing of the property.

The petitioners prayed: that process issue; that the defendant be enjoined from conveying the property set apart as a year's support; that the defendant be declared to be a trustee ex maleficio of all of the property so set aside to her, for the use and benefit of the petitioners; that, upon the final trial, the petitioners recover all of the estate of Dotry Griffin; and that the petitioners have general equitable relief.

The defendant filed an answer denying material allegations

of the petition, and averring: On July 29, 1939, Dotry Griffin, after having procured a divorce from Mary M. Griffin in Tennessee, married Elnora Kendall in Fannin County, and the latter departed this life in 1943. Thereafter on December 16, 1944, Dotry Griffin was married to the defendant. Dotry Griffin died September 21, 1951. On December 14, 1951, the defendant filed her petition for a year's support, which was duly set aside to her. The defendant prayed that she be decreed to be the lawful widow of Dotry Griffin, and that the judgment setting aside a year's support to her be held to be valid.

On the trial a copy of a decree from the Circuit Court of Polk County, Tennessee, dated March 18, 1937, which was regular on its face, and which granted a divorce to Dotry Griffin, was introduced in evidence. The uncontroverted evidence showed that on January 6, 1905, Dotry Griffin entered into a ceremonial marriage with Mary M. Griffin, nee Mary Davenport; that on July 29, 1939, he entered into a ceremonial marriage with Elnora Kendall, who died in 1943; and that on December 16, 1944, he entered into a ceremonial marriage with Ollie Welch. The evidence was conflicting on the question of whether Dotry Griffin resided in Polk County, Tennessee, for the required time to entitle him to bring an action for divorce in that State against Mary M. Griffin.

The jury returned a verdict in favor of the defendant. The petitioners filed a motion for new trial on the general grounds, and by amendment added one special ground complaining of the admission of evidence. The amended motion was denied and they excepted.