## 29221. MERCANTILE NATIONAL BANK v. ALDRIDGE et al.

UNDERCOFLER, Justice.

Mercantile National Bank brought this action against Dan A. Aldridge and against his wife Janet R. Aldridge seeking to impress a trust upon certain property transferred to her by her husband. The complainant has outstanding judgments of $133,710 against Dan A. Aldridge. The complainant also sought to enjoin further transfers of the husband's assets to his wife in fraud of his creditors.

Dan A. Aldridge was president, director and a stockholder of Insurance Industries, Inc. For a period of

about two years beginning about May 14, 1970, he guaranteed the corporation's notes with the complainant bank. He also guaranteed the notes of Ernest Harris. During the course of his dealing with the bank, Aldridge executed three financial statements to the bank to induce them to extend credit on the security of his guarantees. Listed on these financial statements were stocks of a substantial value and the home of Aldridge in which he owned a one-half undivided interest. As the notes matured, they were extended, renewed or increased from time to time. The last three renewal notes were due in November and December 1971. During 1971 Aldridge began selling his stocks. Some of the proceeds of the stock were used to pay other indebtedness and some were deposited to the account of his wife in another bank. Prior to May 1972, Aldridge and his wife had maintained a joint checking account but the joint account was closed and another account opened in the name of the wife alone. Other money was also deposited in the wife's account. On November 29, 1971, Aldridge conveyed to his wife his one-half undivided interest in their home for a consideration of $10 and other valuable consideration. The home was subsequently sold for $180,000 and the net proceeds from the sale were $141,159. These proceeds were used to purchase another home in her individual name for $150,000. Aldridge and his wife testified that the consideration for the conveyance of the home was his love and affection for his wife and, because of Aldridge's health, for estate planning purposes.

The trial court granted the motion of the wife for summary judgment. The bank appeals. *Held:*

1. Code § 28-201 (2) declares in part that the following acts shall be fraudulent in law: "Every conveyance . . . made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid."

Under paragraph two of this section a deed may be set aside where it was made with the design and intention to hinder, delay, or defraud creditors, and such an intention may be found to have existed even though the

grantor was not and is not insolvent. *Beasley v. Smith,* 144 Ga. 377 (87 SE 293); *Betton v. Avery,* 183 Ga. 559, 561 (188 SE 901); *Cothran v. Forsyth,* 68 Ga. 560; *Baker v. Lyman,* 53 Ga.339; *King v. Poole,* 61 Ga. 373; *Westmoreland v. Powell,* 59 Ga. 256; *Cohen v. Parish,* 100 Ga. 335 (28 SE 122); *Ernest v. Merritt,* 107 Ga. 61 (32 SE 898); *Keeter v. Bank of Ellijay,* 190 Ga. 525, 528 (9 SE2d 761); *Pharr v. Pharr,* 206 Ga. 354, 358 (57 SE2d 177).

"A married woman may make contracts with other persons; but when a transaction between husband and wife shall be attacked for fraud by the creditors of either, the onus shall be on the husband and wife to show that the transaction was fair." Code § 53-505; *Dwight v. Acme Lumber & Supply Co.,* 189 Ga. 473 (3) (6 SE2d 586). The testimony of Mrs. Aldridge in this case simply denied any knowledge of her husband's business affairs. "[I]t was for the jury to say whether she had made the proof of good faith required of her by the Code, § 53-505 by simply denying knowledge of such business affairs of her husband." *Arrington v. Awbrey,* 190 Ga. 193, 197 (8 SE2d 648).

It was also a jury question as to whether the grantee is chargeable with notice or ground for reasonable suspicion of his intention to delay or defraud creditors. *Lane v. Newton,* 145 Ga. 810 (89 SE 1083); *Gardner v. Day,* 182 Ga. 113, 116 (184 SE 710). Questions of fraud and bad faith are ordinarily for a jury. *Bloodworth v. Bloodworth,* 225 Ga. 379, 391 (169 SE2d 150); *Nixon v. Brown,* 225 Ga. 811, 813 (171 SE2d 512); *Crowder v. Electro-Kinetics Corp.,* 228 Ga. 610 (2) (187 SE2d 249).

2. "The Code declares that certain specified acts of debtors shall be fraudulent in law against creditors and as to them null and void, among which acts is 'Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance.' Code § 28-201 (3). This rule of law is mandatory, and is based upon the moral and legal principle that one should be just before he is generous. *Cohen v. Parish,* 105 Ga. 339, 347 (31 SE 205). While under the Code, § 28-201 (2), a fraudulent intent by the debtor is necessary to cancellation, it need not be shown where a voluntary conveyance is rendered void under the

Code, § 28-201 (3)." *Neal v. Stapleton,* 203 Ga. 236, 243 (46 SE2d 130).

Under this section, the only facts necessary to be shown in order to render the deed from Aldridge to his wife fraudulent in law, are the indebtedness, the insolvency of the debtor, and that the deed was voluntary. When these facts are proved, the law conclusively presumes a fraudulent intent and declares the instrument void so far as creditors who held demands against the donor at the time of the conveyance are concerned. *First Nat. Bank v. Bayless,* 96 Ga. 684 (23 SE 851); *Neal v. Stapleton,* supra.

The indebtedness is not in dispute. Therefore under the rule in *First Nat. Bank v. Bayless,* the complainant must show the insolvency of the debtor and that the conveyance was voluntary.

On the question of insolvency Aldridge testified that he did not have funds to pay the notes when they became due and did not now have such funds available. In *Federal Land Bank v. Bush,* 179 Ga. 627, 628 (176 SE 639) this court held: "A debtor is insolvent and his voluntary deed is void when, after such conveyance, property left or retained by the debtor is not ample to pay his existing debts. *Drake v. Ward-Truitt Co.,* 149 Ga. 54, 56 (99 SE 125)." However, Aldridge argues that he has insurance commissions payable to him on a yearly basis from 1971 until 1985 which total $598,000 and that he is not now insolvent because of these commissions. Aldridge testified further that these anticipated renewal commissions might not be payable if the policies lapse or the company goes into bankruptcy and that the commissions are not actually due and payable to him until such time as a policyholder remits his premiums to the company. He also testified that if his commissions were to be liquidated into a lump sum amount, they would not be sufficient to pay the bank because of various withholdings. Under Aldridge's testimony a question arises as to whether he was insolvent at the time of the disposal of his assets.

Was the deed voluntary? The consideration in the deed recited $10 and other valuable consideration. "The consideration of a deed may always be inquired into when

the principles of justice require it." Code § 29-101. Both Aldridge and his wife testified that the consideration of the deed was love and affection and that, because of his health, it was made for estate planning purposes. "Whether a deed which expresses as a consideration love and affection and a small sum of money is a voluntary conveyance depends upon the intention of the parties; and this intention is to be ascertained by an inquiry into all the facts and circumstances at the time of its execution, which will throw light upon the question as to whether the deed was executed as the consummation of a sale or as the evidence of a gift." *Martin v. White,* 115 Ga. 866 (4) (42 SE 279).

3. For the reasons stated in Divisions 1 and 2 of this opinion, the trial court erred in granting a summary judgment in favor of the wife.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 16, 1974 — DECIDED NOVEMBER 18, 1974 — REHEARING DENIED DECEMBER 3, 1974.

*Haas, Holland, Levison & Gibert, Robert L. Schwind, Harold D. Corlew,* for appellant.

*Lefkoff & Hanes, George M. Fox, Paul L. Hanes,* for appellees.