In the Matter of Raimundo Manuel
DANTE, Bankrupt.

Jay E. LOEB, Trustee, Plaintiff,

v.

Raimundo Manuel DANTE and Elvira
Dante, Defendants.

Bankruptcy No. B78–2501A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Nov. 7, 1979.

Jay E. Loeb, Gershon, Ruden, Pindar & Olim, Atlanta, Ga., for plaintiff.

John C. Heath, Atlanta, Ga., for defendants.

## MEMORANDUM OF OPINION

A. D. KAHN, Bankruptcy Judge.

The Trustee has filed a Motion for Summary Judgment in this adversary proceeding in which he, as Plaintiff, seeks to have declared as fraudulent, and, therefore, null and void, two pre-bankruptcy transfers of real property from the bankrupt to his wife.

**24.** *Rotberg v. Dodwell & Co., supra* at 101; *Boston & Maine Railroad v. Lehigh & New* *England R. Co.,* 188 F.Supp. 486. 490–1 (S.D. N.Y.1960).

548

For the reasons given below, the Trustee's Motion is hereby granted in part and denied in part.

## FINDINGS OF FACT

The bankrupt, a practicing dentist, filed a voluntary petition in this Court on October 5, 1978. Prior to that filing he transferred his interest in valuable residential real estate to his wife by means of two separate conveyances. It is those two conveyances which the Trustee seeks to set aside as fraudulent.

The first conveyance, which took place on December 9, 1973, transferred to the bankrupt's wife a one-half interest in the property in consideration for "love and affection." Although the bankrupt had failed to make one payment on an educational loan as of the date of that conveyance, it appears that he was generally able to pay his debts as they came due.

The second conveyance to the wife resulted in her acquiring the bankrupt's remaining interest in the property. The deed recites the wife's consideration for this remaining interest to be $10.00 and love and affection. At the time of this conveyance on February 18, 1976, however, the bankrupt was, to put it mildly, in weak financial condition. His educational loan was three times as delinquent as when the first conveyance was made (Plaintiff's Exhibit 1 to bankrupt's deposition); he had failed to pay a settlement entered into with a dental supply company which had filed suit against him to recover on an open account (bankrupt's deposition, p. 23); he was engaged in a dispute with Capital City Bank over past due loan payments (bankrupt's deposition, p. 15); he had failed to pay his ad valorem property taxes for 1973, 1974 and 1975 (bankrupt's response to Trustee's request for admissions of fact, ¶ 9); and, last but not least, he did not offer funds to satisfy a judgment lien which was outstanding against him at the time of the second transfer until the sheriff arrived at the

bankrupt's home to levy on his property (bankrupt's deposition, pp. 26–27). In fact, it was less than one week after the sheriff arrived at the bankrupt's home that the second conveyance occurred.

## CONCLUSIONS OF LAW

By authority of § 70e of the Bankruptcy Act, a Trustee may invalidate any transfer of property by the bankrupt that is fraudulent under state law as to any creditor in existence at the time of the transfer. The Supreme Court has interpreted this section as allowing the entire transfer to be avoided by a Trustee, even though the extent of the actual creditor's claim is less than the value of the property conveyed. *Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931).

The state law relied upon by the Trustee in this case is found in *Ga.Code Ann.* §§ 28–201.1—28–201.3. These statutory provisions state that any conveyance which is made by debtors under any one of three circumstances shall be null and void vis-a-vis that debtor's creditors. Two of those circumstances are alleged by the Trustee to have existed in this case.

The first such circumstance is described in *Ga.Code Ann.* § 28–201.2. Under that provision, a transfer is invalid against creditors, and therefore a Trustee in bankruptcy if:

(1) The debtor conveys property with the intent to delay or defraud his/her creditors; and

(2) The recipient of the property knows of the debtor's intention to defraud.

The second provision is found in *Ga.Code Ann.* § 28–201.3. That statute permits invalidation whenever:

(1) A bona fide creditor of the debtor exists at the time of the transfer.[1]

(2) The debtor and the transferee intended the conveyance as a gift rather than a sale,[2] *Pharr v. Pharr*, 206 Ga.

---

1. This element has been occasionally labelled by the Georgia courts as the "indebtedness" requirement. *Mercantile National Bank v. Aldridge*, 233 Ga. 318, 321, 210 S.E.2d 791 (1974).

2. This element is sometimes characterized as the "voluntary conveyance" element.

354, 57 S.E.2d 177 (1950); *Mercantile National Bank v. Aldridge*, 233 Ga. 318, 322, 210 S.E.2d 791 (1974); and

(3) The debtor is insolvent at the time of the transfer (or rendered insolvent as a result of the transfer). Insolvency under the statute means an inability to pay debts as they fall due. *Chambers v. C & S Nat'l Bank*, 242 Ga. 498, 502 n. 2, 249 S.E.2d 214 (1978); *Mercantile Nat'l Bank v. Aldridge*, 233 Ga. 318, 321, 210 S.E.2d 791 (1974).

The instant case is in the posture of a Motion for Summary Judgment. There must be no genuine issue of material fact in order for the Court to grant such a Motion. Fed.R.Civ.P. 56.

Insofar as the § 28–201.2 allegation is concerned, the real estate transfers in question may be declared to be invalid under that provision only if there is no dispute as to the fraudulent intention of the bankrupt and no dispute as to the knowledge of the bankrupt's wife about her husband's intention. Based upon statements made by the bankrupt's wife about her knowledge (Mrs. Dante's deposition, pp. 10–12), and the Trustee's failure to prove conclusively that those statements were untrue, it is this Court's finding that the elements of § 28–201.2 have not been proven by undisputed facts.

> "Cases in which the underlying issue is one of motivation, intent, or some other subjective fact are particularly inappropriate for summary judgment . . . ." *Slavin v. Curry*, 574 F.2d 1256, 1267 (5th Cir. 1978).

The undisputed facts which must be proven in order to satisfy the elements of § 28–201.3, however, are of a less subjective nature. These elements will be considered *ad seriatum*.

(1) A bona fide creditor undeniably existed at the time of both transfers: *e. g.*, the educational loan, the unpaid property taxes, etc.

(2) Whether the bankrupt and his wife intended the transfers to be gifts (or "voluntary conveyances") may be resolved in this case by looking to their admissions in their depositions. Dr. Dante, the bankrupt, stated that he "bought that house for my wife and my boy," (p. 28 of his deposition), and Mrs. Dante admitted that she provided none of the money used to purchase the house (pp. 5–6 of her deposition). Accordingly, it can be said that the conveyances to Mrs. Dante in exchange for her "love and affection" or nominal consideration were insufficient to form a basis for a bona fide sale. *Wachovia Bank and Trust Co. v. Eiseman* (N.D.Ga.1979, Civ. No. 78–1981A) (O'Kelley, J.). Applicable state law forms a presumption that such transfers between husband and wife are fraudulent as against their creditors, since the burden of proving that a legitimate sale occurred must be shouldered by the debtor and his/her spouse. *Ga.Code Ann.* § 53–505.

(3) The question of the bankrupt's insolvency at the time of each transfer should be resolved separately, since the undisputed facts about the bankrupt's ability to pay his debts differed on the two occasions. These undisputed facts were listed at the outset of this Memorandum of Opinion.

 Since only one debt was past due at the time of the first conveyance, this Court finds it impossible to hold that the bankrupt was insolvent at that time. On the occasion of the second conveyance, however, the bankrupt had at least five significant and highly delinquent debts. One of these debts, the Codias judgment, was the basis for a levy by the sheriff on February 12, 1976; the bankrupt's conveyance of the last half of the property to his wife was dated only six days later. In the bankrupt's own words: he "started into a little precarious situation," (deposition, p. 36). It is this Court's finding that as of the date of that conveyance, the bankrupt was unable to pay his debts as they came due; he was insolvent, as that term is used in § 28–201.3 of the *Ga.Code Ann.*

Accordingly, to the extent that the Trustee's Motion for Summary Judgment re-

quests that this Court set aside the bankrupt's conveyance to his wife in 1973, it is DENIED. Insofar as the conveyance in February of 1976 is concerned, the Trustee's Motion is GRANTED, and a partial judgment declaring that conveyance to be null and void under *Ga.Code Ann.* § 28–201.3 will be entered on a separate document as required by Bankruptcy Rule 921(a).

As to the outstanding factual issues remaining as to the 1973 conveyance, *i. e.,* the solvency of the bankrupt at the time of the transfer under § 28–201.3, *Ga.Code Ann.,* and the intention of the bankrupt to defraud his creditors and the knowledge of his wife of such intention under § 28–201.2, *Ga.Code Ann.* will be set down by separate order for further pre-trial.

## JUDGMENT

A. D. KAHN, Bankruptcy Judge.

Pursuant to a Memorandum of Opinion entered this date,

IT IS ORDERED AND ADJUDGED that JAY E. LOEB, Trustee, be and is hereby given a Judgment against RAIMUNDO and ELVIRA DANTE in that the conveyance to ELVIRA DANTE by RAIMUNDO DANTE of his interest in the property known as 2956 Sequoah Drive, Atlanta, Georgia, dated February 18, 1976, be, and the same is, hereby declared null and void under *Ga. Code Ann.* § 28–201.3, and a summary judgment is hereby GRANTED to the Trustee.

The above-mentioned property is more particularly described as that parcel of land lying in Land Lot 219 of the 17th District of Fulton County, Georgia, being Lot 19, Block E, Cherokee Forest Subdivision, Unit 1, according to the plat which is recorded in Plat Book 57, page 109, Fulton County Records and being more particularly described in the Warranty Deed which is attached hereto as Appendix A and which is, by reference, made a part hereof.

Pursuant to said Memorandum of Opinion of even date, the summary judgment of the Trustee on the conveyance between the Defendants dated December 9, 1973, is hereby DENIED.

IT IS SO ORDERED AND ADJUDGED at Atlanta, Georgia, this 7th day of November, 1979.

## "APPENDIX A"

Land Lot 219 of the 17th District of Fulton County, Georgia, being Lot 19, Block E, Cherokee Forest Subdivision, Unit 1, according to plat which is recorded in Plat Book 57, page 109, Fulton County Records and being more particularly described as follows:

BEGINNING at a point on the west side of Sequoyah Drive, two hundred thirty nine (239) feet south of the southwest corner of the intersection of Sequoyah Drive and Ridge Valley Road; said point of beginning also being at the line which divides Lots 18 and 19, said block, subdivision and plat; thence running south along the west side of Sequoyah Drive, one hundred (100) feet to the line which divides Lots 19 and 20 said block, subdivision and plat; thence running west along the line which divides said Lots 19 and 20, two hundred twenty (220) feet; thence north one hundred (100) feet to the line which divides the above mentioned Lots 18 and 19; thence running east along the line which divides said Lots 18 and 19, two hundred twenty (220) feet to the west side of Sequoyah Drive and the point of beginning; being improved property, being known as 2956 Sequoyah Drive according to the present system of numbering houses in the City of Atlanta, Georgia.

This deed is made subject to all easements, as well as all restrictive covenants of records, except those which impose a restriction upon the sale or occupancy of the above described property on the basis of race, color or creed.