S95A1444. DEARING v. A. R. III, INC. et al.
(466 SE2d 565)

THOMPSON, Justice.

A. R. III, Inc. brought suit on a promissory note against Gerald P. Dearing and others seeking $289,434.72 in principal, plus interest and attorney fees. Two months later, Dearing executed a warranty deed conveying a one-half interest in his marital residence to his wife, Opal A. Dearing. A year and a half went by before the deed was recorded. A. R. III subsequently obtained a judgment totaling $456,068.06 against Mr. Dearing. It then brought the present suit against Mr. and Mrs. Dearing alleging the conveyance of Mr. Dear-

ing's interest in his marital residence was fraudulent and should be set aside. The case proceeded to trial and the jury returned a verdict in favor of A. R. III, finding the conveyance was a fraudulent transfer. Judgment was entered accordingly and, following the denial of her motion for new trial, Mrs. Dearing appealed.

1. A. R. III's case was predicated on two grounds: First, Mr. Dearing made the conveyance with the intention to delay or defraud creditors, and his intention was known to Mrs. Dearing. OCGA § 18-2-22 (2). Second, Mr. Dearing was insolvent when he made the conveyance, and it was voluntary, not for a valuable consideration. OCGA § 18-2-22 (3). As to the first ground, Mrs. Dearing asserts she was entitled to a directed verdict because she established the bona fides of the transaction.

The evidence demonstrated that Mr. Dearing made the conveyance to his wife after A. R. III brought suit against him on the promissory note; that Mrs. Dearing knew her husband was having financial problems and she was aware of the pending lawsuit against her husband; and that Mrs. Dearing loaned significant sums of money to Mr. Dearing. Mrs. Dearing testified that the conveyance was not made with the intention to delay or defraud creditors. Rather, she asserted that her husband had always intended to convey to her a one-half interest in the marital residence because she provided consideration for the purchase of previous marital homes and the money from the sale of those homes was used to purchase the marital residence. Mr. Dearing did not appear for trial.

When a creditor attacks a conveyance from a husband to a wife, slight circumstances may be sufficient to establish the existence of fraud. *Arrington v. Awbrey,* 190 Ga. 193 (8 SE2d 648) (1940). The burden is on the husband and the wife to show that the transaction as a whole was free from fraud. *Mattox v. West,* 194 Ga. 310 (21 SE2d 428) (1942); *State Banking Co. v. Miller,* 185 Ga. 653 (196 SE 47) (1938). And it is for the jury to say whether the husband and the wife carried their burden in this regard. *Mercantile Nat. Bank v. Aldridge,* 233 Ga. 318 (210 SE2d 791) (1974).

The evidence was more than sufficient to establish the existence of fraud under OCGA § 18-2-22 (2). The jury could have found from the evidence that the husband conveyed his interest in the marital residence because he was in financial straits and intended to delay the collection of his debt to A. R. III. It also could have found, despite Mrs. Dearing's protestations to the contrary, that Mrs. Dearing knew or had reasonable grounds to suspect Mr. Dearing's intent. *Mercantile Nat. Bank v. Aldridge,* supra. This is especially so because Mr. Dearing did not appear at trial and failed to offer an explanation concerning the bona fides of the conveyance. See *Cotton States Fertilizer Co. v. Childs,* 179 Ga. 23, 28 (174 SE 708) (1934) (failure of spouse to

testify is badge of fraud).

2. Mrs. Dearing also contends the trial court should have granted her motion for a directed verdict because (1) A. R. III failed to establish that Mr. Dearing was insolvent or rendered insolvent at the time of the conveyance; (2) she established that she had an equitable interest in the marital residence; and (3) she provided valuable consideration for the conveyance. We disagree.

As we noted in Division 1, A. R. III's theory of the case was based upon both OCGA § 18-2-22 (2) and (3). With regard to subsection (3) of the Code section, it was incumbent upon A. R. III to prove insolvency, voluntariness of the deed, and lack of consideration. However, no such showing was required with regard to subsection (2). See *Mercantile Nat. Bank v. Aldridge,* supra at 319, 320 (deed may be set aside under paragraph two of OCGA § 18-2-22 even though grantor was not insolvent). Mrs. Dearing could have moved for a directed verdict specifically with regard to A. R. III's claim under subsection (3), see *Taylor v. Buckhead Glass Co.,* 120 Ga. App. 663, 665 (171 SE2d 779) (1969), but she did not do so. Instead, she aimed her motion for a directed verdict at A. R. III's entire case. Because the evidence was sufficient to support that case (see Division 1), the trial court correctly denied Mrs. Dearing's motion for a directed verdict.[1] See OCGA § 9-11-50 (a) (motion for directed verdict must be made with specificity). See also *Employers Liability &c. Corp. v. Sheftall,* 97 Ga. App. 398, 403 (103 SE2d 143) (1958) (where portion of evidence is admissible and portion inadmissible, objection to the whole is insufficient).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 29, 1996 —
RECONSIDERATION DENIED MARCH 1, 1996.

*Gershon, Olim, Katz & Loeb, Jay E. Loeb,* for appellant.
*Freisem, Swann & Malone, John A. Swann, Awtrey & Parker, Dana L. Jackel,* for appellees.

---

[1] We note that the trial court charged the jury on insolvency. Mrs. Dearing could have objected to that charge on the ground that it was not adjusted to the evidence but she did not do so. In fact, Mrs. Dearing made no objections to the charge whatsoever.