In re EMPIRE PIPE AND
DEVELOPMENT,
INC., Debtor.

Lauren JOHNSON, Chapter 7 Trustee
of the Estate of Empire Pipe and
Development, Inc., Plaintiff,

v.

Richard EISINGER, County Line
Cypress, Inc., and Sunny Acres
Ranch, Inc., Defendant.

Bankruptcy No. 90–2874–8P7.
Adv. No. 90–331.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 26, 1991.

Dennis J. LeVine, Tampa, Fla., for plaintiff-trustee.

Norman Davidson, Tampa, Fla., for defendant.

## ORDER ON MOTION TO VACATE JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case originally commenced by a Petition for Relief under Chapter 11 but later converted and is currently administered as a Chapter 7 case. This Adversary Proceeding was originally filed by Empire Pipe and Development, Inc. (Empire) during the pendency of the Chapter 11 case. In its Complaint, Empire named Richard Eisinger (Eisinger), County Line Cypress, Inc. (County Line), and Sunny Acres Ranch, Inc. (Sunny Acres) as Defendants.

In Count I of the Complaint, Empire sought three remedies: (a) accounting, (b) a turnover of monies allegedly improperly received by Eisinger and (c) the turnover of Shell and Amoco credit cards issued to Empire which were allegedly used without authorization by Eisinger. The gravamen of a Complaint was based on the general allegations set forth in the Complaint that Eisinger, a principal of the Defendant, County Line, entered into a stock purchase agreement with Empire pursuant to which Eisinger was supposed to obtain funding for the continued operation of Empire, and while in control of the affairs of Empire, he received unauthorized payments from Empire and improperly used funds of Empire for his own purpose.

In Count II, Empire sought a Money Judgment for an unspecified amount on three grounds: (a) monies allegedly paid to Eisinger which, according to Empire, were not paid for the benefit of Empire, (b) unauthorized salary payments received by Eisinger from Empire, and (c) Eisinger's failure to provide the funding as promised, which was a breach of the fiduciary duty he allegedly owed to Empire. In Count III, Empire sought a recision of the stock purchase agreement and a return of its corporate stock. Count IV sought a Money Judgment against County Line based on an alleged fraudulent transfer. Count V sought a money judgment against Sunny Acres based on an alleged fraudulent transfer. In due course, the appropriate summons were issued and properly served on all defendants, including Eisinger.

On January 27, 1990, the counsel for Empire filed a Motion For Entry of Default against all three Defendants. On August

3, 1990, the Clerk entered a default against all three Defendants, including Eisinger, for their failure to file a responsive pleading or a motion, as required by Bankruptcy Rule 7012. On August 15, 1990, the counsel for Empire filed a Motion For Entry of Final Judgment which was accompanied by an affidavit of non-military service of Eisinger. On September 30, 1990, this Court entered a Partial Final Judgment by Default in favor of Empire against Eisinger on Count I(a), I(b) and II(a), and entered a Money Judgment in favor of Empire against Eisinger in the amount of $54,-956.09 plus interest in the amount of $2,550.65 and costs in the amount of $120.00. The Court also awarded a Money Judgment in favor of Empire against Eisinger on the claim set forth in Count II(b) and awarded a Money Judgment in the amount of $848.81 against Eisinger. The Final Judgment was also entered in favor of Empire against Eisinger on the claim set forth in Count III, and authorized Empire to rescind the transfer of 200 shares of its stock and ordered Eisinger to return the corporate stock to the Debtor.

On March 6, 1991, Empire, having lost its chance to achieve reorganization, converted this Chapter 11 case to a Chapter 7 liquidation case. On March 29, 1991, this Court entered an Order directing the substitution of Lauren Johnson, the duly appointed Trustee of the estate of Eisinger, as Plaintiff. The substitution was accomplished on April 11, 1991, and Empire is no longer a party of interest in the Adversary Proceeding.

On September 20, 1991, or just one day shy of one year from the entry of a partial Final Judgment, Eisinger and County Line Cypress filed a Motion to Vacate Judgment pursuant to Fed.R.Civ.Pro. 60(b)(1) and (b)(6). The Motion was accompanied by an affidavit of Eisinger in which he stated, inter alia, that he voluntarily met with counsel for Empire, Ms. Shirley C. Arcuri (Ms. Arcuri) and discussed the matter with her. The affidavit stated that he furnished all the information requested by Ms. Arcuri and "it was my understanding following that meeting, that I had satisfactorily explained all of the transactions, and re-

viewed all the documentation and that as a result of that meeting, no further action was to be taken against me or County Line Cypress, Inc." Eisinger also stated in Paragraph 3 in his affidavit that he was never served with the Motion for Default or with the Notice of Default until he received the partial Final Judgment entered on September 20, 1990. In Paragraph 4, Eisinger stated that he believes he has a meritorious defense of the claim against him and the Motion was not interposed for delay.

Ms. Arcuri, the former attorney for Empire, filed an affidavit in Opposition to Motion to Vacate Judgment. In her affidavit she stated that she met with Eisinger after the Complaint was filed, that Eisinger freely admitted all facts stated in the Complaint and that he promised to pay back the monies he had taken from Empire, provided Empire obtained a release of his guaranty of certain leases of equipment. According to her affidavit, Ms. Arcuri informed Eisinger that it was not possible to obtain a release of his guaranty and his concern over his liability based on the guaranty is no justification or defense of his theft of monies from Empire as alleged in the lawsuit.

Basically, these are the facts which appear from the record which are relevant to the matter under consideration.

The Motion filed by Eisinger seeks relief from the Partial Final Judgment pursuant to Fed.R.Civ.Pro. 60(b)(1) and (b)(6), as adopted by Bankruptcy Rule 9024. Subclause (b) of this Rule provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *DiVito v. Fidelity and Deposit Company of Maryland*, 361 F.2d 936 (7th Cir.1966). It is true that the vast majority of cases interpreting this Rule are in accord with the proposition that the Rule was designed to be remedial and therefore should be liberally construed. 7 *Moore's Federal Practice*, ¶ 60.18[8] (2d ed. 1991). It is clear, however, that the Rule was never designed to serve as a substitute for an appeal. Be that as it may, there is no

doubt that to permit the application of subclause (b)(1) or (b)(6) under this Rule involves the exercise of sound discretion of the trial court which has jurisdiction of the particular case.

Subclause (b)(1) of the Rule permits one to obtain relief from an otherwise valid Final Judgment based on mistake, inadvertence, surprise or excusable neglect. Fed.R.Civ.Pro. 60(b) as adopted by Bankruptcy Rule 9024. To qualify for relief under this subsection, the movant must demonstrate that there is a meritorious defense and that arguably one of the four conditions for relief applies. *Ben Sager Chemicals Intern. v. E. Targosz & Co.*, 560 F.2d 805 (7th Cir.1977); *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573 (4th Cir.1973). Neither ignorance nor carelessness on the part of the litigant or his attorney provides grounds for relief under Fed.R.Civ.Pro. 60(b)(1). *Ben Sager, supra; Bershad v. McDonough*, 469 F.2d 1333 (7th Cir.1972).

There is nothing in this record to support the proposition that the entry of a Judgment under consideration was the result of mistake, inadvertence or surprise. Thus, the only possible basis to support the Motion under this subclause would be "excusable neglect." To find excusable neglect requires, in turn, to consider the facts stated in the affidavit of Eisinger. In his affidavit, Eisinger states that it was his understanding after the meeting with counsel for Empire that no further action was to be taken against him or against County Line. In addition, Eisinger also stated that he was never served with the Motion For Default or Notice of Default, although he conceded that he received a copy of the Partial Final Judgment entered on September 20, 1990.

First, it is clear from the record that Eisinger never moved to set aside the default or filed a Motion for Reconsideration of the Partial Final Judgment entered on September 20, 1990. He was fully aware of the claims asserted against him in the Complaint filed by Empire and of his obligation to respond to the Complaint by way of a motion or an answer. In addition, his contention that he relied on assurances allegedly made by counsel for Empire that no further action would be taken against him is flatly contradicted by the affidavit of counsel for Empire. Moreover, it should have been patently clear to him when he received a copy of the Partial Final Judgment entered on September 20, 1990 that action was, in fact, taken against him by the entry of a Partial Final Judgment. There was nothing to prevent him at that time from promptly seeking relief from the Final Judgment, either by way of filing a Motion of Rehearing, Motion for New Trial or even filing a Motion to Set Aside the Default and to Vacate the Partial Final Judgment on the basis that he was not served with the Motion for Default. Based on the foregoing, there is nothing in this record which would warrant the relief sought by Eisinger based on Fed.R.Civ.Pro. 60(b)(1) as adopted by Bankruptcy Rule 9024.

Eisinger also seeks relief from the Partial Final Judgment based on Fed.R.Civ. Pro. 60(b)(6). This clause permits the Court to exercise sound discretion to relieve a party from Final Judgment for any other reason which would justify relief from operation of the Judgment. It is important to note that subclause (b)(6) contains two important qualifications to its application: First, a Motion must be based on some reason other than those specified in subclause (b)(1) through (b)(5); and second, the other reasons for relief must be such as to justify granting the relief. 7 *Moore's Federal Practice*, ¶ 60.27[1] (2d ed. 1991).

This subclause has a time limitation and requires that the Motion For Relief must be made within a "reasonable time." In considering the reasonableness of the time elapsed before the filing of the Motion, certain factors have been considered by the Courts. These factors include prejudice to opposing party and the diligence of the moving party to learn of developments of the case. *Fidelity and Deposit Insurance Company of Maryland v. U.S.A. Form Hail Pool, Inc.*, 523 F.2d 744 (5th Cir.1975); *Pyramid Energy, Ltd. v. Heyl*

*& Patterson, Inc.,* 869 F.2d 1058 (7th Cir. 1989).

In viewing this record in light of these principles, there is hardly any doubt that the Motion based on Fed.R.Civ.Pro. (6) of Rule 60(b)(6) as adopted by Bankruptcy Rule 9024 is equally without merit. There is nothing in this record to show that this Motion was filed within a reasonable time. While it is true, and accepted as true for the purpose of discussion, that Eisinger did not receive a notice of the Motion for Default, he admitted that he received a copy of the Partial Final Judgment, nearly one year before the Motion under consideration was filed, and there is no showing that anything prevented him to promptly seek relief from the Partial Final Judgment. Thus, his lack of diligence fails to show he filed this Motion within a reasonable time. In addition, the fact that the Partial Final Judgment was served on all parties of interest and relied upon for more than one year before this Motion to Vacate was filed certainly would prejudice the other parties involved. Thus, this factor also shows the Motion was not filed within a reasonable time.

Finally, neither affidavit on the record warrants the finding that Eisinger has, in fact, a meritorious defense to the claims pursuant to which the Partial Final Judgment was entered. It would be clearly nothing more than an exercise in futility to vacate the Judgment and try the claims. Moreover, there is no allegation that Eisinger is now in possession of newly-discovered evidence, which, in fact could not have been discovered earlier, and which would produce a different result.

In sum, there is nothing in the Motion or in Eisinger's affidavit which would warrant a favorable consideration of the relief sought for Eisinger. Therefore, the Motion should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Vacate Judgment Pursuant to Fed.R.Civ.Pro. 60(b)(1) and (b)(6), as adopted by Bankruptcy Rule 9024, be, and the same is hereby, denied.

DONE AND ORDERED.