In re Gary Lee CULTON, Carolyn
Sue Culton, Debtors.

CLAY COUNTY BANK, a Florida
corporation, Plaintiff,

v.

Gary Lee CULTON and Carolyn
Sue Culton, Defendants.

Bankruptcy No. 89–0008–BKC–3P7.
Adv. No. 92–20942.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 5, 1993.

Robert Aguillar, Orange Park, FL, for plaintiff.

Aaron R. Cohen, Jacksonville, FL, for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came before the Court upon defendants' motion to dismiss or in the alternative for judgment on the pleadings. The Court held a hearing on July 7, 1993, and now the Court enters findings of fact and conclusions of law:

### Findings of Fact

Defendants filed their chapter 7 petition on January 8, 1989. On March 2, 1989, the chapter 7 trustee objected to defendants' claim of exemptions. To substantiate the objection, the trustee applied to the Court for authority to employ an appraiser. The Court granted the trustee's application on March 3, 1989, and an appraisal was conducted by Janice I. Bernstein. The appraisal showed that defendants owned jewelry with a value of $50.00. By May 2, 1989, Order, the Court sustained the trustee's objection to exemptions and required payment of $700.00 to the trustee for non-exempt property. Defendants' received their discharge on April 17, 1989. The Court closed the case on May 17, 1991.

In January, 1992, defendants' home was burglarized and the theft was reported to the police. The police report showed that jewelry and coins worth $42,800.00 had been taken.

After learning of the burglary, plaintiff moved to reopen the case and to have a trustee appointed to investigate whether the stolen assets had been acquired prior to the discharge of defendants. Plaintiff also sought an order allowing it to file an adversary proceeding to revoke defendants' discharge.

Upon the evidence presented at hearings held on June 10, 1992, and September 9, 1992, this Court entered an order reopening the case to allow the appointment of a trustee to investigate whether there were assets of the estate to administer and permitting plaintiff to file an adversary proceeding.

Plaintiff filed this proceeding on October 19, 1992, seeking to vacate or revoke defendants' discharge. Defendant argues that the complaint should be dismissed because it is time barred.

### Conclusions of Law

The complaint contains three counts, the first seeks to vacate defendants' discharge utilizing the Court's equitable powers as contained in 11 U.S.C. § 105. Counts two and three seek to revoke defendants' discharge pursuant to § 727(d)(3) and § 727(d)(1).

#### § 105

Plaintiff relies upon § 105(a) to vacate defendants' discharge. Section 105 of the Code states in relevant part:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title . . . .

Although the grant of authority under § 105 is admittedly broad, the Court's powers are specifically limited in § 105(a) to actions authorized by the Code or Rules.

Granting relief from a court order is governed by Federal Rule of Bankruptcy Procedure 9024 which provides that Federal Rule of Civil Procedure 60 applies in bankruptcy cases and proceedings except when the complaint is one to revoke a discharge. Rule 9024 states in pertinent part:

Rule 60 F.R.Civ.P. applies in cases under the Code except . . . (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code . . . .

Rule 60. Relief from Judgment or Order

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such

terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party ... or (6) or any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

Defendants received their discharge on April 17, 1989. Pursuant to Rule 60(b), any action to vacate the discharge was required to be filed by April 17, 1990. Plaintiff's filed a complaint on October 19, 1992. Plaintiff did not timely file the complaint, and the Court is without authority to vacate the discharge on the basis of § 105.

### § 727(d)(3)

■ Count two of the complaint is brought pursuant to § 727(d)(3). Plaintiff alleges that defendants have violated the Court's Order of May 2, 1989, and their discharge should be revoked.

Pursuant to Rule 9024, the relief is governed by § 727(e) which states:

(e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—

(2) under subsection (d)(2) or (d)(3) of this section before the later of—

(A) one year after the granting of such discharge; and

(B) the date the case is closed.

Section 727(d)(3) and (a)(6) state in relevant part:

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(3) the debtor committed an act specified in subsection (a)(6) of this section

(a) The court shall grant the debtor a discharge, unless—

(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify; ....

The May 2, 1989, consent order sustains the trustee's objection to claim of exemption and states that defendants shall purchase the non-exempt property of the estate from the trustee for $700.00. Plaintiff argues that implicit within the consent order is defendants' agreement that the list of property appraised is complete and correct. Plaintiff alleges that defendants violated this Order by failing to allow the appraisal of all their property; that the list of property was not, in fact, complete.

The Court does not agree that defendants have violated the May 2, 1989, Order. Even assuming that there are facts which would allow plaintiff to prevail, the Court must find plaintiff's § 727(d)(3) count is time barred.

Bankruptcy Rule 9024 specifically states that complaints to revoke discharge are governed by § 727(e). The Court may only grant the relief sought by the plaintiff if the revocation action is timely filed according to § 727(e). Plaintiff must have filed its complaint by the later of one year after the date of discharge, April 17, 1990, or the date the case was closed, May 17, 1991. Plaintiff's complaint was not filed within these parameters and is time barred.

### § 727(d)(1)

■ Plaintiff's count three is brought pursuant to § 727(d)(1) and the limitation period is controlled by § 727(e)(1). That section states in relevant part:

(a) The court shall grant the debtor a discharge, unless—

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud

until after the granting of such discharge;

(e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—

(1) under subsection (d)(1) of this section within one year after such discharge is granted; or . . . .

As with count two, plaintiff did not timely file its complaint because one year from the granting of defendants' discharge was April 17, 1990, and plaintiff did not file its complaint until October 19, 1992.

### Equitably Tolling

Plaintiff argues that the time periods set forth in Rule 9024 and § 727(e) should be equitably tolled and that the reopening of the case extended the time allowed for plaintiff to file a complaint.

Plaintiff relies on *In re Succa* for the proposition that its complaint is not time barred. 125 B.R. 168 (Bankr.W.D.Tex.1991). In *In re Succa* the debtor filed a chapter 11 case that was converted to chapter 7. Debtor received his discharge on March 28, 1988, and the case was closed on June 30, 1988. Upon the trustee's request, the case was reopened to allow the trustee to administer debtor's interest in a condemnation proceeding. Debtor had not scheduled this asset nor had he disclosed or turned over to the trustee the $19,900.00 received.

The *Succa* court found that the estate had not been properly closed because all assets were not administered. It held that the case was improperly closed, and the time periods set forth in § 727(e) had not begun to run. Thus the adversary proceeding of the trustee was timely filed although the complaint was filed more than one year after the debtor's discharge and after the case was closed.

The Court also found that the principle of equitable tolling applied to toll the running of the § 727(e)(2) limitation period because of debtor's continuing concealment of assets. The Court relied upon (1) the policy in § 554 of preventing a fraudulent debtor from benefitting from his fraud, (2) cases applying equitable tolling to § 546, and (3) the United States Supreme Court's statement that "the equitable tolling doctrine should be read into every federal statute of limitations." *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946). The *Succa* court expressly limited its opinion to a complaint brought pursuant to § 727(d)(2) and noted that many courts have held that the time period in § 727(e)(1) may not be extended or tolled.

■ This Court has found that plaintiff failed to state a claim under § 727(d)(3). Consequently, the only remaining issue to consider is whether equitable tolling applies in actions brought under § 727(d)(1). This Court agrees with the court in *In re Santos* that the time period contained in § 727(e)(1) is "not a mere statute of limitations, but [is] an essential prerequisite to the proceeding." 24 B.R. 688, 689 (Bankr.D.R.I.1982). Consequently, the Court finds that it cannot extend or toll the 727(e) limitation period, and plaintiff's complaint is time barred.

The Court will enter an order granting defendants' motion to dismiss in accordance with these findings of fact and conclusions of law.