**In the Matter of Larry Allen DENNIS, Debtor.**

**James L. DRAKE, Jr., Trustee, Plaintiff,**

v.

**Larry DENNIS II, Tammy Ann Dennis, Defendants.**

Bankruptcy No. 93–40713.
Adversary No. 93–4147.

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

Nov. 27, 1996.

R. Kenny Stone, Statesboro, GA, for plaintiff.

Larry Dennis III, Tammy Ann Dennis, pro se.

## MEMORANDUM AND ORDER ON DEFENDANTS' AND DEBTOR'S MOTION FOR RELIEF FROM ORDER ENTERED ON OCTOBER 4, 1994.

## MOTION TO STAY SALE OF FARM (93–40713) AND MOTION TO STAY SALE OF FARM (93–4147)

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

The above Motions were filed by Defendants, Tammy Ann Dennis and Larry Dennis, II, and Debtor, Larry Allen Dennis, on November 14, 1996, and November 18, 1996, and raise a number of arguments as to why this Court's Order of October 4, 1994, should be set aside pursuant to Fed.R.Civ.P. 60(b) which is incorporated in the Bankruptcy Rules by Bankruptcy Rule 9024. This Court's October 4, 1994, Order and subsequent September 1, 1995, Order, denying a previous, similar motion, are incorporated fully herein, but are summarized below for convenience of the reader.

### FINDINGS OF FACT

Debtor, Larry Allen Dennis, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 27, 1993. Defendant, Larry Dennis, II, is the minor son of Debtor, Larry Allen Dennis, and Defendant, Tammy Ann Dennis. Larry Dennis, II, was born in 1981. Defendant, Tammy Ann Dennis, is Debtor's wife and is the mother of Larry Dennis, II. On or about January 26, 1990, Debtor entered into a contract with PRH Enterprises for the purchase of real property in Jenkins County, Georgia, for the sum of $235,000.00. Debtor paid Seller a deposit of $15,000.00 after signing the contract and an additional $10,000.00 at the time of closing.

In the contract, Debtor directed that title to the Property be placed in the name of "Larry Dennis, II." Debtor made no disclosure, at or prior to the closing, to either the Seller, the real estate agents involved, or the closing attorney, that Larry Dennis, II, was someone other than the Debtor. Accordingly, PRH Enterprises conveyed the Property to Larry Dennis, II, by Warranty Deed dated February 20, 1990, recorded in Deed Book 3–C, Pages 254–256, Jenkins County Records. At the time of the conveyance, Larry Dennis, II, was nine (9) years old.

At or prior to the closing, Debtor executed and delivered to Seller two promissory notes in the amount of $110,000.00 and $100,000.00, representing the balance of the purchase price for the Property. Debtor also executed a Deed to Secure Debt to Seller to secure payment of the these notes. On or about May 8, 1990, Debtor paid off the first note. On or about December 15, 1990, Debtor paid off the second note. Debtor paid the entire $235,000.00 purchase price for the Property from the liquidation of other assets owned by the Debtor and from income earned by the Debtor. No portion of the purchase price was paid by either of the Defendants. On September 27, 1993, the above-captioned adversary proceeding was filed by the Trustee seeking to avoid the conveyance to Larry Dennis, II, and to vest title to the real estate in Debtor's estate.

In the October 4, 1994, Order, this Court found from the evidence presented that, as of July 3, 1990, when Debtor prepared a personal financial statement, Debtor had total assets of $250,600.00 and total liabilities of $288,488.32, computed as follows:

### ASSETS

| | | |
|---|---|---|
| Cash | | $16,000.00 |
| Accounts Receivable | $73,000.00 | |
| Less: Uncollectible Accounts | (9,000.00) | $64,000.00 |
| Motor Vehicles | | $32,100.00 |
| Livestock | | $65,000.00 |
| Fencing Equipment | | $46,500.00 |
| Fencing Material | | $27,000.00 |
| TOTAL ASSETS | | $250,600.00 |

### LIABILITIES

| | |
|---|---|
| Note Payable - Bourbon Bank | $66,129.00 |
| Account Payable | |
| E.S. Robbins Corporation | $61,361.01 |
| Mortgage Payable— | |
| PRH Enterprises | $100,000.00 |
| Taxes Payable | $17,200.00 |
| Judgment Payable— | |
| Mr. and Mrs. George Barnett | $43,798.31 |
| TOTAL LIABILITIES | $288,488.32 |

Thus, on July 3, 1990, Debtor was insolvent in that his liabilities exceeded his assets by $37,888.32. Working backwards in time to February 20, 1990, the date that the Property was transferred, this Court determined that Debtor had total assets of $323,293.86 and total liabilities of $389,210.41, computed as follows:

### ASSETS

| | | |
|---|---|---|
| Cash | | $7,869.36 |
| Accounts Receivable | $73,000.00 | |
| Less: Uncollectible Accounts | (59,524.10) | $149,824.50 |
| Motor Vehicles | | $32,100.00 |
| Livestock | | $60,000.00 |
| Fencing Equipment | | $46,500.00 |
| Fencing Material | | $27,000.00 |
| **TOTAL ASSETS** | | **$323,293.86** |

### LIABILITIES

| | |
|---|---|
| Note Payable - Bourbon Bank | $84,751.00 |
| Account Payable— | |
| E.S. Robbins Corporation [1] | $33,461.10 |
| Mortgage Payable— | |
| PRH Enterprises | $210,000.00 |
| Taxes Payable [2] | $17,200.00 |
| Judgment Payable— | |
| Mr. and Mrs. George Barnett [3] | $43,798.31 |
| **TOTAL LIABILITIES** | **$389,210.41** |

Accordingly, the transfer of the Property to his minor son on February 20, 1990, rendered Debtor insolvent in that his liabilities exceeded his assets by $65,916.55, following the transfer.

In reaching this conclusion, I found that Debtor's fencing business had no goodwill

1. E.S. Robbins Corporation subsequently obtained a judgment against Debtor in the Circuit Court of Madison County, Alabama, for the sum of $76,987.96 on August 19, 1991, in the case of *E.S. Robbins Corporation v. Larry Dennis, II, a/k/a Larry Dennis, d/b/a Larry Dennis Fencing* (Civil Action No. CV91–1280B) (Exhibit P–24). Debtor scheduled this debt in his bankruptcy petition in 1993 in the amount of $90,000.00.

2. At the time of trial, Debtor disputed this amount; however, this Court overruled Debtor's objections because (1) no adjustment had been made to Debtor's tax liability by the State of Kentucky, (2) Debtor's financial statement listed the claim (Exhibit P–13), and (3) Debtor listed the claim in Schedule "E" of his bankruptcy petition in the amount of $26,000.00.

3. The Judgment dated October 15, 1957, is in the amount of $35,321.21 (Exhibit P–26). Barnett filed a claim, including accrued interest, in the amount of $58,790.00. Debtor scheduled the claim at $35,000.00.

value on February 20, 1990, or July 3, 1990.[4] I also found that Debtor did not have a cognizable claim against E.S. Robbins Corporation on either February 20, 1990, or July 3, 1990.[5] Furthermore, I found that Debtor was unable to meet his obligations as they matured on February 20, 1990—evidenced by the fact that as of February 20, 1990, Debtor owed outstanding tax obligations to the State of Kentucky in excess of $17,000.00,[6] dating from 1985, and an outstanding judgment to Mr. and Mrs. George Barnett in excess of $30,000.00, dating from 1987.

■ Based upon this evidence, I held that the Chapter 7 Trustee was entitled to recover the property for the benefit of the bankruptcy estate under section 544(b) of the Code because the transfer by Debtor to his minor son was voluntary, without valuable consideration, and rendered the Debtor insolvent. "Section 544(b) [of the Bankruptcy Code] confers upon the trustee the power to avoid any of the debtor's transfers or obligations that are voidable for fraud or any other reason under applicable state or federal law." The transfer in this case was voidable under Subsection (3) of O.C.G.A. Section 18–2–22, which code section provides as follows:

The following acts by debtors shall be fraudulent in law against creditors and

4. Debtor assigned no value to goodwill on his July 3, 1990, financing statement furnished to the Bourbon Agricultural Bank, and Debtor did not realize any goodwill upon liquidation of the business during the latter part of 1990. Debtor's testimony as to the value of business goodwill was speculative at best and was not supported by any credible evidence of value.

5. Debtor continued to purchase fencing material from the E S. Robbins Corporation through November 1990, and no such claim was listed on his financial statement dated July 3, 1990. Debtor also did not assert a counterclaim or any claim of set off in the civil action filed by the E.S. Robbins Corporation in the State of Alabama, nor has Debtor filed any independent civil action to assert his professed claim against the E.S. Robbins Corporation. In addition, no such claim was listed as an asset on Schedule "B" of Debtor's bankruptcy petition.

6. *See* Exhibit A, page 90, lines 6–15 (transcript of hearing on July 20, 1994).

others and as to them shall be null and void:

    (3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance.

Paragraph 3 of O.C.G.A. Section 18–2–22 voids a voluntary conveyance which renders the Debtor insolvent without proof of fraudulent intent. *Mercantile National Bank v. Aldridge*, 233 Ga. 318, 210 S.E.2d 791, 793 (1974); *accord Chambers v. Citizens & Southern National Bank*, 242 Ga. 498, 249 S.E.2d 214, 217 (1978). "This rule of law is mandatory, and is based upon the moral and legal principle that one should be just before he is generous." *Mercantile, supra* at 793.

I, therefore, concluded by Order dated October 4, 1994, that the transfer of the Property to the Defendant, Larry Dennis, II, on February 20, 1990, was void under O.C.G.A. Section 18–2–22(3) and avoidable by the Chapter 7 Trustee pursuant to 11 U.S.C. Section 544(b), resulting in the 904.67 acres of land being deemed property of the Debtor's estate.

On July 21, 1995, Defendants, Tammy Ann Dennis and Larry Dennis II, filed a Motion for Relief from the October 4, 1994, Order. That Motion alleged (1) that the Court lacked subject matter jurisdiction, (2) that a necessary party, Larry Allen Dennis, was not named as a defendant in the adversary, and (3) that there was newly discovered evidence which justified that the judgment be set aside. After considering the Defendant's assertions, I denied the Motion by Order dated September 1, 1995.

Of the three contentions, only the third has any relevance to the current proceeding. Specifically, in their Motion of July 21, 1995, Defendants alleged that newly discovered evidence, which demonstrated that Larry Allen Dennis was not insolvent at the time of the property transfer, justified the setting aside of Trustee's judgment and the granting of Defendants' Motion for a New Trial. Defendants attached an affidavit from Division of Tax Administration for the State of Kentucky which stated that an indebtedness in the amount of $17,200.00 was not in fact owed to the State. Defendants also provided documentation which facially supported a finding that an indebtedness owed by Debtor, Larry Allen Dennis, to one George Barnett may have been entitled to partial credit.

Without addressing the merits of Defendants' allegations, I held that Defendants failed to present newly discovered evidence within the meaning of Bankruptcy Rule 9024. Specifically, Rule 9024, which incorporates Rule 60(b)(2), permits relief from a final judgment or order for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Because the Motion of July 21, 1995, failed to demonstrate any reason why this evidence was not known to Defendants or could not reasonably have been discovered in advance of the trial and noting that in the bankruptcy context relief under Rule 60(b) is an extraordinary remedy, *see In re Design Classics Inc.*, 788 F.2d 1384 (8th Cir.1986), I held that Defendants failed to satisfy their burden. Accordingly, the Motion was denied.

Defendants now have filed a second Motion for Relief pursuant to Rule 60(b) more than two years after entry of the original judgment and over one year subsequent to their first Motion for Relief. Defendants' allegations are similar in substance to the prior Motion for Relief. Defendants again allege that evidence exists to support their claim that this Court's finding that Debtor was rendered insolvent by the February 1990 transfer was erroneous and therefore, the transfer may not be avoided by the Trustee.

Defendants correctly surmise that the finding of insolvency in February 1990 is a pivotal finding. Although the Trustee advanced multiple theories on which the Court could have avoided the property transfer, the October 1994 Order did not address the alternative theories but relied on the factual finding of insolvency. In order to refute the original finding of insolvency, Defendants now allege either in their pleadings or arguments at trial that (1) the indebtedness in the amount of $17,200.00 to the State of Kentucky was not in fact owed; (2) an indebtedness owed by Larry Dennis to George Barnett was obtained partially by fraud; (3)

George Barnett filed a false claim; (4) at the time of the transfer, Debtor only owed $66,-219 to the Bourbon Agricultural Bank; and (5) the judgment held by creditor, E.S. Robbins, is not valid. Defendants also attack the October 4, 1994, Order on due process grounds claiming that (6) Larry Allen Dennis was a necessary party to the adversary proceeding; (7) the attorneys for the Defendants committed malpractice throughout the pendency of this case; and (8) the Court has failed on a number of occasions to adequately provide notice to the Defendants.

The Court already has considered fully whether Larry Allen Dennis was a necessary party to this adversary proceeding. *See Order on Defendants' Motion for Relief from Order entered on October 4, 1994*, Ch. 7 Case No. 93–40713, Adv. Pro. 93–4147, Doc. No. 65, Sept. 1, 1995. This contention is denied without further discussion. Defendants' remaining allegations will be reviewed in the context of Rule 60(b).

### CONCLUSIONS OF LAW

■ Bankruptcy Rule 9024 entitled "Relief from Judgment or Order" essentially provides that Federal Rule of Civil Procedure 60 applies in cases under the Code.[7] In pertinent part, Rule 60(b) states,

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) ... a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the

judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b). When interpreting Rule 60(b), a court should be mindful of the Rule's purpose construing it liberally while recognizing that it is no substitute for an appeal. *See 7 Moore's Federal Practice*, ¶ 60.18[8] (2d ed.1991). Permitting the application of any of the enumerated subclauses is within the sound discretion of the trial court presiding over the case. *See In re Marston*, 141 B.R. 767, 769 (Bankr.M.D.Fla.1992); *In re Empire Pipe and Development*, 134 B.R. 975, 978 (Bankr.M.D.Fla.1991); *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir.1973). The movant bears the burden of proving one of the six exceptions. *See American and Foreign Ins. Ass'n v. Commercial Ins.*, 575 F.2d 980, 983 (1st Cir. 1978).

■ Subclause (b)(1) of the Rule permits one to obtain relief from an otherwise valid Final Judgment based on mistake, inadvertence, surprise, or excusable neglect. Defendants have not alleged any of these grounds. Moreover, Rule 60(b) clearly states that,

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Defendants state in their Motion that Rule 60(b) affords them a "reasonable time" to file a Motion; however, Rule 60(b) expressly mandates that a Motion under subclauses (1), (2), and (3) shall be made not more than one year after the Final Judgment is rendered. *See In re Culton*, 161 B.R. 76, 78 (Bankr. M.D.Fla.1993) (creditor's motion to revoke debtor's discharge denied because it was

---

7. Bankruptcy Rule 9024 contains three modifications of the time limits prescribed in Fed. R.Civ. P. 60 in order to conform Rule 60 with the bankruptcy process. Those modifications apply only to instances that concern (1) an allowance of a claim, (2) a complaint to revoke a discharge, or (3) a complaint to revoke an order confirming a plan. Because the present case does not involve one of these three scenarios, for the purposes of this Motion, there is no difference between the application of Rule 60 within or outside of the bankruptcy context.

commenced more than one year after the order was entered). Any traditional or inherent power of a bankruptcy court to reconsider judgments within a reasonable time has been merged into Rule 60(b) and subject to its limitations. *See In re Watford*, 192 B.R. 276, 279 (Bankr.M.D.Ga.1996) *citing In re Met–L–Wood Corp.*, 861 F.2d 1012 (7th Cir. 1988) *cert. denied* 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989). Here, the Court rendered its Judgment on October 4, 1994, and Defendants filed this Motion on November 14, 1996. Accordingly, any relief under Rule 60(b)(1) is denied.

Subclause (b)(2) of the Rule permits one to obtain relief from an otherwise valid Final Judgment based on newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). Defendants previously offered new evidence in support of their Motion of July 21, 1995. At that time, I held that the evidence proffered was known to the Defendants or reasonably could have been discovered by the Defendants prior to the trial and, therefore, denied their Motion. Defendants again have offered much of the same evidence although in greater detail, and supported by numerous exhibits.

For example, during this hearing, Debtor attempted to demonstrate that at the time of the transfer he only owed $66,219.00 instead of $84,751.00 to the Bourbon Agricultural Bank. Putting aside that Defendants stipulated to the higher amount in the pre-trial order and that Larry Allen Dennis admitted, in essence, to the accuracy of the stipulation during the trial,[8] the evidence proffered at this hearing was known to the Defendants or could have been discovered by the Defendants prior to trial on October 4, 1994, and cannot form the basis to grant Defendant's Motion. Similarly, evidence suggesting that the tax liability to the State of Kentucky was zero or that George Barnett owes a credit against the amount of his judgment was all known or reasonably could have been discovered in 1994. Moreover, as mentioned above, Rule 60(b) expressly prohibits commencement of a motion under subclauses (1), (2), and (3) more than one year after the Final Judgment is rendered. Accordingly, Rule 60(b)(2), relief is denied.

■ Subclause (b)(3) of the Rule permits one to obtain relief from an otherwise valid Final Judgment based' on fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. Defendants contend that George Barnett has defrauded them in at least two distinct ways: first, by misstating the amount of the debt owed by Larry Allen Dennis in his proof of claim and second, by conveying to Larry Allen Dennis approximately 100 acres less than the amount described in his deed. After weighing the evidence, I find any allegation of fraud relating to the Barnett claim to be an impermissible collateral attack on a valid judgment of a court of competent jurisdiction which I cannot entertain. The debt to Barnett had been, as of 1990, reduced to judgment in Robertson Circuit Court, Kentucky, in the principal amount of $35,321.21 (Exhibit P–26). Any claims against Barnett affecting the validity or amount of that deficiency judgment must be addressed to that Court. Finally and conclusively, as mentioned above, Rule 60(b) expressly prohibits commencement of a motion under the fraud subclause more than one year after the Final Judgment is rendered. Accordingly, any relief under Rule 60(b)(3) is denied.[9]

Subclause (b)(4) of the Rule permits one to obtain relief from an otherwise valid Final Judgment based upon the fact that the judgment is void. There has been no allegation

---

**8.** Debtor's testimony then was equivocal as to the amount. *Compare* Exhibit A, page 69 with Exhibit A, pages 88–89 (transcript of hearing on July 20, 1994). In light of that conflict, the stipulation was held to control.

**9.** Defendants also allege that some counsel in this case have committed fraud. This is a very serious charge. Certainly this case has been vigorously contested. The evidence has been susceptible of more than one interpretation and counsel have urged, as they must, interpretation of the evidence in the light most favorable to their position. The mere advocacy of one's position when a difference of opinion as to the facts exists is not fraud. I find that no fraud or misrepresentation occurred which the Court relied on in rendering its judgment of October 1994.

by Defendants that the Final Judgment of October 4, 1994, is void nor does the Court know of any action taken that might have rendered the Judgment void. Accordingly, Rule 60(b)(4) relief is denied.

■ Subclause (b)(5) of the Rule permits one to obtain relief from an otherwise valid Final Judgment that relied on a prior judgment if it has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. Defendants attack both the E.S. Robbins and George Barnett judgments as insufficient to support the Court's October 4, 1994 Order. Defendants are incorrect. Absent a repeal of the Full Faith and Credit Act, a federal court must give a state court judgment the same effect that it would have in the courts of the State in which it was rendered. *See* 28 U.S.C. § 1738. Any challenge to these two judgments may be commenced only in the states in which they were rendered. Defendants have moved unsuccessfully to set aside the Alabama judgment in favor of E.S. Robbins and a motion to set aside the Barnett judgment, entered in 1987, has been pending since at least December 1994. Additionally, the validity of the judgment held by creditor, E.S. Robbins, has been addressed and upheld previously by this Court's Order on Debtor's objection to the claim of E.S. Robbins in the underlying bankruptcy. *See Order on Debtor's Objection to the Claim of E.S. Robbins*, Ch. 7 Case No. 93–40713, Doc. No. 63, Jan. 23, 1996. Unless and until these judgments are set aside by the respective state courts the Motion for Relief contesting their validity is insufficient as a matter of law.

■ Defendants also contend in their Motion that any judgment or lien of the Division of Tax Administration for the State of Kentucky is void and should not be relied upon. It appears that Defendants may be correct in their contention that the $17,200 tax liability allegedly owed to the State of Kentucky on February 20, 1990, was in fact zero. However, the affidavit offered to prove that contention was ruled inadmissible on hearsay grounds. Absent that affidavit, which was never tendered at the first trial, the record is more than sufficient to support this Court's original finding as to this liability. More importantly, the Order of October 4, 1994, concluded that on February 20, 1990, the transfer of property from Debtor to his minor son rendered Debtor insolvent in that his liabilities exceeded his assets by $65,916.55. Accordingly, even if this Court could now reform the record to acknowledge the existence of no liability to the State of Kentucky, Debtor still remained insolvent by $48,716.55 on the date of the transfer. Therefore, pursuant to Rule 60(b)(5), relief must be denied.

■ Subclause (b)(6) of the Rule permits one to obtain relief from an otherwise valid Final Judgment for "any other reason justifying relief from the operation of the judgment." To obtain relief under this subclause, Defendants must satisfy two requirements: first, the motion must be based on a reason *other than those* enumerated in subclauses (1)-(5), *see In re Benhil Shirt Shops, Inc.*, 87 B.R. 275 (S.D.N.Y.1988); and second, the other reason must justify the granting of relief. *See In re Empire Pipe and Development*, 134 B.R. at 978 *citing* 7 *Moore's Federal Practice*, ¶ 60.27[1] (2d ed.1991). A movant's motion must be filed within a reasonable time. *See In re Piper Aircraft Corp.*, 169 B.R. 766 (Bankr.S.D.Fla. 1994). Rule 60(b)(6) relief is only to be granted in exceptional or extraordinary circumstances. *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990); *In re Zimmerman*, 869 F.2d 1126 (8th Cir.1989). One example of a Rule 60(b)(6) Motion is a debtor's request for revocation of a confirmation order because of a substantial change in circumstances that compel a modification or vacating of a particular order. *See In re Durkalec*, 21 B.R. 618 (Bankr.E.D.Pa.1982). Defendants have failed to show exceptional or extraordinary circumstances, other than those arguably covered by subclauses 1–5 which I have ruled are insufficient.

One possible exception is Defendants' allegation that ineffectiveness of their counsel provides basis to grant a new trial. However, a party's reliance on the erroneous advice of counsel was found not be excusable neglect or mistake under Rule 60(b)(1). *See U.S. v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops*, 857 F.2d 46, 49 (1st

Cir.1988). A lawyer's general lack of legal understanding or carelessness does not provide grounds for relief under Rule 60(b). *See Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038, 1043–44 (9th Cir.1992); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990); *Evans v. United Life & Accident Insurance Co.,* 871 F.2d 466, 472 (4th Cir.1989). It also has been held to be an abuse of discretion to grant relief pursuant to Rule 60(b) on the basis of an attorney's negligence. *See In re Ellis,* 72 F.3d 628, 631 (8th Cir.1995); *Lomas & Nettleton Co. v. Wiseley,* 884 F.2d 965, 967–68, 971 (7th Cir.1989). These holdings are in general accord with the Supreme Court's denial of the claim that a client should not suffer for the misdeeds of its counsel. *See Link v. Wabash R.R.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962). Accordingly, pursuant to Rule 60(b)(6), the requested relief must be denied. *See In re Watford,* 192 B.R. at 281 (holding that Debtor was not entitled to relief pursuant to Rule 60(b) for counsel's failure to file a timely appeal).

■ In so holding, I do not imply that the record supports Debtor's contention that counsel was ineffective. Rather, I hold that even if true, that contention is insufficient to support the grant of a Rule 60 motion in this case.

Finally, Defendants have contended that this Court's failure to serve a copy of the October 4, 1994 Order on them resulted in their inability to appeal the merits of the Order. This accusation is completely unfounded. First, the Order of October 4, 1994, was served on Defendants' counsel, Karen Moore, Evelyn Hubbard, and Grant Washington. More importantly, on October 14, 1994, Defendants, proceeding with their appeal *pro se,* filed a Motion for an Extension of Time to File a Notice of Appeal. On October 21, 1994, this Court granted Defendants' request and extended the time for filing a Notice of Appeal to November 3,

1995, twenty days after the expiration of the previous filing deadline. That Order was served on Larry Allen Dennis, Larry Dennis, II, and Tammy Ann Dennis, as well as Defendants' counsel. *See Order on Motions of Larry Allen Dennis. Tammy Ann Dennis. and Larry Dennis. II,* Ch. 7 Case No. 93–0713, Adv. Pro. 934147, Doc. No. 25, Oct. 21, 1994. Accordingly Defendants, through service on their counsel and themselves personally, were afforded ample opportunity by this Court to perfect an appeal for a review of the merits and, therefore, pursuant to Rule 60(b), their motion for relief from the judgment for lack of adequate service must be denied.[10]

This adversary proceeding was commenced over three years ago and ruled on over two years ago. Rule 60(b) provides a safety valve to ensure fairness in proceedings, but subject to time limits which are in place to assure some finality. Here, Defendants have established no basis for the relief provided for in Rule 60. They do not qualify for relief under any section of the rule, and the 1994 Order is therefore to be regarded, at long last, as final.

### ORDER

IT IS THEREFORE THE ORDER OF THIS COURT that Defendants' Motions are denied. Because the Trustee set forth sufficient grounds for approval of the sale of property which is the subject of this controversy, and because the Debtor's efforts which sought to stay that sale were dependent upon the Court granting relief from the 1994 judgment, by separate order, Trustee's Motion to Sell Property of the Debtor's Estate, consisting of approximately 904.67 acres will be granted.

---

**10.** It is this Court's understanding that Defendants did in fact file an appeal on November 4, 1994, that the their briefs in a timely manner.