**In the Matter of Barry Dean MICHAEL, Debtor.**

No. 00–21252.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

May 23, 2002.

**554**

Barry Dean Michael, pro se.

### ORDER DENYING RELIEF UNDER RULE 60(b)

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

#### Procedural Background

Barry Dean Michael ("Movant"), an inmate at the Federal Correctional Institute located in Jesup, Georgia, filed *pro se* a Chapter 7 petition for relief on September 28, 2000. On October 13, 2000, he filed a motion requesting leave to participate telephonically, rather than in person, at the meeting of creditors required under 11 U.S.C. § 341. On November 29, 2000, this Court issued an order denying the request to participate telephonically. On December 4, 2000, he failed to attend the creditors' meeting. On December 11, 2000, this Court issued an order to show cause why his case should not be dismissed, and on December 12, 2000, he filed a request to relief based on Rule 60(b), which this Court denied on December 19, 2000. On December 26, 2000, he filed a motion requesting that he be allowed to "appear" telephonically at another meeting of creditors required pursuant to 11 U.S.C. § 341. On January 5, 2001, this Court denied his motion and dismissed his case with prejudice. Movant appealed the dismissal. On July 23, 2001, the District Court for the Southern District of Georgia affirmed the dismissal order.

Movant now petitions the Court to grant relief under Federal Rule of Civil Procedure 60(b) from this Court's order dismissing his Chapter 7 case on grounds of equal protection, fundamental fairness, changed circumstances, and newly discovered evidence. After careful consideration of the motion and applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

#### FINDINGS OF FACT and CONCLUSIONS OF LAW

Federal Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") into bankruptcy proceedings. Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

Relief under Rule 60(b) may be granted "only upon an adequate showing of exceptional circumstances," *Richards v. Aramark Servs., Inc.,* 108 F.3d 925, 927 (8th Cir.1997) (citations omitted). "When

interpreting Rule 60(b), a court should be mindful of the Rule's purpose construing it liberally while recognizing that it is no substitute for an appeal." *Drake v. Dennis (In re Dennis)*, 209 B.R. 20, 25 (Bankr. S.D.Ga.1996) (Davis, J.) (citing 7 Moore's Federal Practice, ¶ 60.18[8] (2d ed.1991)). The movant bears the burden of showing that one of the grounds set forth in Rule 60(b) exists, and a decision whether to permit application of the rule is within the sound discretion of the presiding court. *Id.*

■ Here, Movant attempts to meet his burden by noting that, although his Chapter 7 case was dismissed for failing to show cause why he did not attend the meeting of creditors and the dismissal affirmed on appeal by Judge Alaimo of the Southern District of Georgia, CV201–74 (S.D.Ga. July 23, 2001) (Alaimo, J.), a fellow prisoner's dismissal on the same basis was vacated and remanded to Chief Bankruptcy Judge Dalis by Judge Edenfield of the Southern District of Georgia with instructions that the bankruptcy court "ensure that [the prisoner] has had a meaningful opportunity to be heard," *In re Del Rio*, 401CV65, slip op. at 4 (Ch. 7 Case No. 00–20467) (S.D.Ga. Aug. 15, 2001) (Edenfield, J.). In light of Judge Edenfield's ruling, Movant believes that this Court should revisit its dismissal of his case as affirmed by Judge Alaimo.

Movant appears to rely on the applicability of the subsections of Rule 60(b) which address the equitability of this Court's dismissal ruling or on other reasons "justifying relief from the operation of" that ruling.[1] In considering the present motion, the issue is whether a split of opinion within the Southern District of Georgia means that this Court's affirmed order should be vacated under the theory that Judge Edenfield's recent ruling in a separate proceeding "justif[ies] relief from the operation of" this Court's ruling dismissing Movant's case.

I hold that the holding in *Del Rio* does not justify relief from the operation of this Court's ruling. The reasoning I adopted in the earlier opinion is reproduced verbatim:

Debtor's motion asserts that relief should be afforded under Rule 60(b)(1) on the grounds of mistake or fundamental fairness. Debtor essentially requests that the Court waive his personal appearance at the meeting of creditors and appear by telephone. Debtor contends that there is authority for the Court to permit Debtor to participate in the meeting of creditors and other bankruptcy hearings telephonically and cites two non-bankruptcy cases wherein witness testimony was permitted by telephonic transmission in support of this contention. In the first case cited by Debtor, *Beltran–Tirado v. INS*, 213 F.3d 1179 (9th Cir.2000), the Ninth Circuit Court of Appeals upheld the admission of testimony made by a witness telephonically at a deportation hearing on the grounds that the testimony was fair and did not violate due process. *Id.* at 1185–86. In the second case cited by Debtor, *U.S. v. Sunrhodes*, 831 F.2d 1537 (10th Cir.1987), the Tenth Circuit Court of Appeals found that the admission of testimony taken during a telephone interrogation during a restitution

---

1. The other subclauses of Rule 60(b) are not remotely applicable here. Clearly, there was no mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation or misconduct on which to base application of Rule 60(b). Moreover, the order dismissing Movant's case is not void by virtue of the result of his fellow prisoner's appeal, and this Court's ruling was not based upon a prior judgment which has been reversed or vacated.

hearing was not a violation of the defendant's rights under the Confrontation Clause, nor a violation of the hearsay rule. *Id.* at 1544. While the cases cited by Debtor provide authority for the use of witness testimony by telephonic transmission in certain civil proceedings, they are not binding on this court and do not persuade this Court to permit Debtor to appear at the bankruptcy meeting of creditors or other bankruptcy hearings telephonically. As the Court will discuss *infra,* Debtor's personal appearance at the meeting of creditors is mandated by the Bankruptcy Code.

Bankruptcy is a privilege, not a right. *In re Sochia,* 231 B.R. 158, 160 (Bankr. W.D.N.Y.1999); *In re Khan,* 35 B.R. 718, 719 (Bankr.W.D.Ky.1984). "There is no constitutional right to obtain a discharge of one's debts in bankruptcy." *United States v. Kras,* 409 U.S. 434, 446, 93 S.Ct. 631, 638, 34 L.Ed.2d 626 (1973). One who petitions for relief under the Bankruptcy Code is responsible for complying with the certain duties outlined in the Bankruptcy Code. These duties include filing appropriate statements and schedules, appearing at the meeting of creditors, and cooperating with the case trustee and the United States Trustee regarding the administration of the bankruptcy estate. *In re Sochia,* 231 B.R. at 160. Section 341(a) of the Bankruptcy Code provides: "[w]ithin a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. Section 341(a). Debtor's presence is required at the meeting of creditors pursuant to Section 343 of the Bankruptcy Code, which states:

The debtor *shall appear* and submit to examination under oath at the meeting of creditors under section 341(a) of this title. Creditors, any indenture trustee, any trustee or examiner in the case, or the United States trustee may examine the debtor. The United States trustee may administer the oath required under this section.

11 U.S.C. Section 343 (emphasis added). Bankruptcy Rule 2003(a) provides, in relevant part, that "[t]he meeting may be held at a regular place for holding court or at any other place designated by the United States trustee within the district convenient for the parties in interest." Fed.R.Bankr.P.2003(a). "There is nothing in the plain language of either Section 343 or Rule 2003 which permits the U.S. Trustee or the Bankruptcy Court to waive the requirement that the debtor 'shall' appear and submit to an examination under oath at the meeting of creditors." *In re Sochia,* 231 B.R. at 161. There are no exceptions outlined in the statute for appearance at the meeting of creditors by telephone. "The statute is clear, positive and unambiguous. The mandatory direction is: 'The debtor shall appear and submit to examination.'" *In re Martin,* 12 B.R. 319, 320 (Bankr.S.D.Ala.1981).

A review of case law involving requests by debtors to be excused from the meeting of creditors reflects that a number of bankruptcy courts have held that the debtor's personal appearance at the meeting of creditors is mandatory with no exceptions. See *In re Import Toy Sales, Inc.,* 41 B.R. 784 (Bankr. S.D.Fla.1984); *In re Martin,* 12 B.R. 319 (Bankr.S.D.Ala.1981). Despite the mandatory language of the Code, some bankruptcy courts have found discretion in waiving the mandatory language to excuse a debtor from the meeting of creditors where a good and sufficient reason exists. See *In re Vilt,* 56 B.R.

723 (Bankr.N.D.Ill.1986); *In re O'Don-nell,* 43 B.R. 679 (Bankr.E.D.Pa.1984). I reject the portion of the *Vilt* opinion which allows an incarcerated person the same latitude as a gravely ill co-debtor under an "honest but unfortunate debt-or" rubric. In addition, "[n]one of the cases require a bankruptcy court to waive the debtor's appearance at a section 341(a) meeting." *In re Chandler,* 66 B.R. 334, 336 (N.D.Ga.1986). In the case at bar, Debtor requested to appear at the meeting of creditors telephonically due to his incarceration. This Court declines to follow the rationale of the courts who have waived the mandatory language of the Code and concludes that Debtor's incarceration does not constitute a good and sufficient reason to waive Debtor's personal appearance at the meeting of creditors or to permit telephonic examination of the Debtor. I hold that Debtor has not satisfied the Rule 60(b) requirements of proving mistake and that Debtor has failed to carry his burden of proof to show exceptional circumstances exist for the Court to grant relief from the November 30, 2000, Order. Accordingly, Debtor's Motion for Reconsideration pursuant to Rule 60(b) will be denied.

Debtor also argues that "fundamental fairness demands that provisions be made to permit the incarcerated debtor the use and protection of the United States Bankruptcy Court, whether or not any authority exists at the present time." Debtor's Motion to Reconsider at 4. The Court believes that the drafters of the Bankruptcy Code addressed Debtor's fairness concerns by weighing the benefits and burdens of bankruptcy protection. The provisions of the Bankruptcy Code strike a balance among debtors, creditors, and trustees. By seeking the protections afforded under chapter 7 from his creditors, the Bank-ruptcy Code requires Debtor to fulfill certain duties. One of these duties is to personally appear at the meeting of creditors for examination by the trustee and creditors. As previously discussed, the Bankruptcy Code makes this appearance mandatory and does not provide an exception for telephonic appearance.

Finally, the Court will address Debtor's alternative request to order the United States Marshal's Service to escort and deliver Debtor from the correctional institute to the meeting of creditors or other bankruptcy hearings. Several courts have recognized the limitations placed upon inmates in pursuing their own civil actions. Specifically, the United States Supreme Court has stated:

> [l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Among those so limited is the otherwise unqualified right ... to parties in all the courts of the United States to "plead and manage their own causes personally".

*Price v. Johnston,* 334 U.S. 266, 285–86, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948), rev'd on other grounds by *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(internal citation omitted); *Poole v. Lambert,* 819 F.2d 1025 (11th Cir.1987). In view of the prevailing case law and the fact that bankruptcy protection is a privilege, not a right, as well as taking into consideration the administrative and monetary burdens that would be placed on the Court, Trustee, creditors, and the Marshal's service by Debtor's request, the Court concludes that Debtor's request for an order requiring the United States

Marshal Service to transport Debtor to and from his bankruptcy hearings should be denied.

■ I hold that the foregoing discussion articulates good law. Bankruptcy is a civil—not criminal—proceeding. Thus, the findings of those criminal cases affording extraordinary remedies to give a criminal litigant access to the Court and its processes are not applicable. There is no constitutional right in play here, and Debtor has no absolute right to appear telephonically. Where a court fashions alternative methods for a debtor to appear in extraordinary cases, it is a discretionary decision by that court as it exercises its inherent authority and its powers under § 105. This authority is nearly always exercised in order to aid the classic "honest but unfortunate debtor." Debtors who are critically ill and those who are transferred to foreign countries in the military service of this country are categories for which this Court has, on occasion, made special arrangements.

This debtor does not fall within the "honest but unfortunate" category. Having been incarcerated after conviction on criminal charges, he is presently serving an eighteen-year sentence. He does not resemble a terminally ill, elderly, frail debtor beset by mountainous medical expenses, nor the soldier who stands in harms way defending this nation. Nor does it appear that he is in need of bankruptcy relief. He has listed no non-exempt assets. His income is nil. His debts consist largely of student loans and legal fees. He is essentially judgment-proof. He will remain judgment-proof as long as he is in prison.

When released from prison, and employed, Movant will become a more attractive target for collection efforts, and he will then be free to seek bankruptcy relief as well. At that point, he would be able to participate in all aspects of a bankruptcy case in the manner contemplated by Congress. Nothing compares to a personal appearance in a Court proceeding for an examination under oath, in which a debtor's appearance, demeanor, and credibility may be assessed. Such assessment would be seriously impaired in telephonic proceedings.

Moreover, the § 341 Meeting is not the beginning and the end of a bankruptcy case. In a Chapter 7 case, it is foreseeable that debtors are subject to dischargeability actions. Indeed, this Debtor's student loans, his major debt, are a likely subject of such litigation. Such litigation necessitates status conferences, interrogatories, document production, depositions, pretrial conferences, and finally, trials. At each stage, Debtor would need to "appear." Either he would "appear" telephonically or be transported by the United States Marshal at a cost no one is prepared or able to pay to the Court, or the Court, its personnel, all his creditors, and the Trustee would all be forced to relocate to a place within the prison walls for all hearings. It is no prospect to be relished by any of the participants. Creditors, especially, should not be coerced to enter a federal prison with the attendant anxiety such a trip would likely entail in order to protect themselves from Debtor's efforts to obtain a discharge of their legitimate claims. In balancing the needs of this Debtor, the bankruptcy system, and most important, the interest of creditors, it would be a mockery of the notion of discretion to subject everyone else except Debtor to the burdens of managing a civil bankruptcy matter to suit the whims of a prisoner.

All of this leads to me to conclude that this Court's previous decision as affirmed by Judge Alaimo was correctly decided. I am aware of Judge Edenfield's reversal of Judge Dalis's case involving a fellow pris-

oner. Yet, that decision, for which I have great deference, does not compel the granting of Debtor's Motion. It simply reveals a difference of opinion in our District. Debtor's remedy is not to pick and choose and to ask this Court to abandon its prior affirmed ruling. Debtor's remedy is to appeal to the Eleventh Circuit Court of Appeals, the forum in which such differences of opinion are resolved.

By filing the motion under consideration, Movant is, in effect, searching for a vehicle with which to circumvent the appeals process and gain relief identical to that granted to his fellow prisoner in a different proceeding. For the reasons discussed above, I find that Rule 60(b) does not provide Movant a basis for the relief he seeks.

Because I find that Movant does not state any grounds upon which this Court should, in its discretion, grant relief under Rule 60(b), Movant's Motion is denied.